## White *v.* Moss & Childs.

1. An objection to the admission of evidence which does not state what the evidence was, and only refers to it as being found upon certain pages of the record, cannot be considered.

2. Where an action of ejectment has been brought in the name of two persons as joint plaintiffs and has been dismissed, a subsequent action of ejectment for the same land against the same defendant, brought by only one of the former joint plaintiffs, is not a recommencement of the former action.

3. Admissions made by a person while owner of five sixths of a tract of land, that the remaining one sixth belonged to another, are not binding upon *bona fide* purchasers for value to whom he subsequently sold and conveyed the entire tract, and who had no knowledge or notice of the fact that such admissions had been made by their grantor, they standing now upon his conveyance as color of title, supported by their own personal possession for more than seven years. That the declarant was dead when the case was tried, did not make his admissions binding under the circumstances.

4. The motion for a new trial assigning as erroneous a statement made by the court in its charge, that the plaintiff had made a

certain admission, and it not being alleged in the motion or certified by the court that the admission was not in fact made, it will be assumed that the court correctly stated the admission and its contents.

5. There was no error in overruling the motion for a new trial.

June 26, 1893.

Ejectment. Before Judge Wellborn. Rabun superior court. September term, 1892.

Payne & Tye, by brief, for plaintiff.

Pope Barrow, by brief, for defendants.

Simmons, Justice.

1. The first ground of the motion for a new trial alleged that the court erred in allowing W. D. Young to testify as to statements made to him by one Shearley, and as to statements made to him by one Weeks. What these statements were is not set forth, but in order to find them, the court is referred to pages 13, 16 and 20 of the record. In giving the numbers of these pages, reference was probably had to the original record, for in examining the pages of the transcript sent to this court which bear the above numbers, no such statements can be found. Even if the paging of the original record and the transcript corresponded precisely, this court would not undertake to pass upon an assignment of error made in this extremely loose and careless manner. Under the rule that all assignments of error must be plainly and distinctly set forth, it is somewhat remarkable that counsel persist in bringing up questions in the manner indicated. This court has so often ruled that it will not pass upon assignments thus made, we now call attention to the matter for the sole purpose of once more reminding our brethren of the bar that if they desire the grounds of their motions for new trials to be considered, they must distinctly set out the alleged errors as the law requires.

2. Under section 2932 of the code, if a plaintiff shall

dismiss his case and recommence within six months, such renewed case shall stand upon the same footing as to limitation with the original case. It was insisted that this section is applicable to the facts of the case at bar, but in our opinion it is not. It appears that to the September term, 1884, of the superior court of Rabun county, an action of ejectment was brought by Sarah E. White and another as joint plaintiffs against the same persons who are the defendants to the present action. The former action was dismissed at the September term, 1886, and the present action was begun by Sarah E. White alone on the 12th day of February, 1887. We think it too plain for argument that this last suit is in no proper sense a renewal or recommencement of the former one. No suit by two persons can be the same thing as a suit by one of them; and the law being that when an action of ejectment is brought by two persons claiming title jointly, a recovery cannot be had by either of them in severalty, it is absolutely clear that the suit in which the plaintiff is now seeking a recovery is not the same action as that in which she formerly sought to recover jointly with another person. The plaintiff must therefore be treated as though her action for the land in dispute had never been begun at all until the date last above mentioned. The effect of this ruling will be briefly stated in the last division of this opinion.

3. The plaintiff''s action was brought to recover a tract of land, and by amendments she undertook to set up an equitable cause of action for the recovery of an undivided twelfth interest in the land. Among other things, she sought to show that one Nichols formerly owned five sixths of this tract, and that while he was such owner he made admissions to the effect that the remaining one sixth belonged to another. Her contention was, that these admissions were binding upon the defendants, to whom Nichols subsequently sold and

conveyed the entire tract, although they were *bona fide* purchasers from him and had no knowledge or notice of the fact that any such admissions had ever been made by their grantor, and stood upon his conveyance as color of title, supported by their own actual possession for more than seven years. We are at a loss to conjecture upon what principle these admissions, even if made as alleged, could possibly be binding upon the defendants. They bought from one who was apparently the owner of the entire property, with nothing to put them upon notice that this ownership was not real, and in good faith paid for the land in the belief that they were obtaining a perfect title. No title to land would be safe if it could be defeated in this manner. So far as the admissibility of such evidence is concerned, it makes no difference that the person by whom the declarations were made was dead at the time the case was tried. While it is true that the declarations of deceased persons against their interests, and not made with a view to pending litigation, are admissible in evidence in any case where they are relevant and competent, such declarations cannot be received to defeat a title by prescription which has become complete and perfect in persons who never heard of such declarations. If Mr. Nichols had been alive and at the trial, he could not properly have been permitted to testify to the facts which the plaintiff sought to establish by proof of declarations made by him; and this being so, the declarations themselves could not be introduced for the purpose of binding the defendants. Had the defendants relied either wholly or partially upon the possession of Nichols, and not exclusively upon their own possession, to raise a prescriptive title, his admissions made pending his possession would be evidence against them, whether they had notice of the same or not.

4. In its charge to the jury, the court stated as a mat-

ter of fact that the plaintiff had made a certain admission. One ground of the motion for a new trial assigns as error the making of this statement, but it is neither alleged in the motion nor certified by the court that the admission was not in fact made. Of course, it would be improper for the court to inform the jury that a party had made an admission which he really had not made, but we cannot assume the correctness of a ground of this sort without a distinct verification by the presiding judge. On the contrary, we are obliged to assume, in the absence of such verification, that the admission was in fact made and that its contents were fairly stated to the jury.

5. The court was right in refusing to grant a new trial. It is not absolutely clear that the plaintiff made out a *prima facie* case. In her chain of title was a paper purporting to be a deed from William Beale, by his agent and attorney James M. Beale, and signed "James M. Beale (L. S.) & attorney for William Beale." This paper was accompanied by no power of attorney from William to James M. Beale, but the plaintiff contended, nevertheless, that it was admissible in evidence as a muniment of title because it appeared upon its face to have been executed more than thirty years before the trial. The court ruled that it was admissible as color of title only. Under the facts, it was essential to the plaintiff's case that this paper be received as a full and complete deed for all purposes. If the court below was right upon this question, the plaintiff failed to make out her case, because, treating the paper as color of title only, it was not supported by proof of proper possession under it. It is unnecessary, however, to pass upon the question thus made, for it distinctly appears by the undisputed evidence that the defendants in good faith purchased and took actual possession of the land in the summer or fall of 1879 under the deed from Nichols, and that

they held adverse, peaceable and uninterrupted posses-
sion under a *bona fide* claim of right up to the time
when the present action was brought, a period of more
than seven years. It is therefore immaterial whether
the plaintiff may or may not have had, at some time in
the past and before the bringing of her suit, a good
title to the interest she claimed in the land. If she did
not, of course she could not recover; and if she did,
that title was defeated by a complete and perfect title
by prescription in the defendants. *Judgment affirmed.*