*J. S. Ayers* and *J. A. B. Mahaffey,* for defendant.

---

### HOLMES v. HUGULEY.

1. Where a plaintiff institutes an action against three defendants, praying to recover damages for trespassing on a described tract of land and to enjoin future trespasses, and subsequently amends his action by alleging that the three defendants are in possession of the land to which he claims title, and praying for a recovery of the land and mesne profits, the suit is converted into an action to recover land and mesne profits; and where he dismisses the action and brings another against one of the defendants to recover the same land and mesne profits, the second suit is to be treated as a renewal of the dismissed action.

2. Where a plaintiff dismisses his action and a judgment for costs is entered which includes the fees of witnesses, the action can not be renewed without paying the costs embraced in the judgment (or filing an affidavit of inability to pay) so long as the judgment for costs is not reversed, set aside, or modified in some manner provided by law.

    AUGUST 22, 1911.

Complaint for land.   Before Judge Reagan.   Pike superior court.   October 6, 1910.

*R. T. Daniel* and *T. E. Patterson,* for plaintiff in error.

*C. J. Lester* and *Philip H. Alston,* contra.

EVANS, P. J.   G. P. Huguley brought suit against Luther Holmes to recover a described tract of land and mesne profits. The defendant filed a plea in abatement, alleging that the action was in renewal of a former suit brought by the same plaintiff against Luther Holmes, Mrs. Anna Holmes, and W. A. Pough to recover the same land and mesne profits, which had been voluntarily dismissed by the plaintiff, and the renewed action was instituted without the payment of costs or the filing of an affidavit of the plaintiff's inability to pay costs.   The issue formed on the plea in abatement was tried before the judge without a jury, who

rendered a judgment dismissing the plea. The exception is to this judgment.

1. It is insisted that the two suits are not identical. There is no dispute that both suits were instituted by the same plaintiff and concern the same land. The first suit began as a suit to enjoin the three defendants from trespassing upon the land, and. to recover damages for trespasses already committed. Pending the suit an amendment was allowed, alleging that all three of the defendants were in possession of the land, and that the plaintiff claimed title thereto, and praying to recover the land and rents, issues, and profits from the defendants. This amendment converted the first suit into an action to recover the land and mesne profits from the three defendants. The only difference, therefore, between the present and the former action is that in the first there were three defendants, and in the present two of those defendants were dropped and the action was brought against only one of them. In order to make the second suit a renewal of the first, it must be for substantially the same cause of action, though it need not be a literal copy of the petition dismissed. *Hudgins* v. *Crow,* 32 *Ga.* 372. It must be by the same plaintiff or his legal representative. *Moody* v. *Threlkeld,* 13 *Ga.* 55 (5). And against all who are necessary parties defendant in the first suit. *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912). If the defendants in the first action are sued as joint contractors, or entitled to rights one against another by way of contribution in the event the plaintiff recovers, then they or their personal representatives must be parties to the second suit. *Ford* v. *Clark,* 75 *Ga.* 612; *White* v. *Moss,* 92 *Ga.* 246 (18 S. E. 13). In ejectment defendants have no right to demand contribution; they can not defend unless they admit possession; and only such defendants as are in actual possession are necessary parties to the action. Therefore, if a suit be instituted against three defendants in possession, and pending that suit two of them abandon their possession, and the suit is voluntarily discontinued by the plaintiff and renewed, the only necessary defendant in the renewed suit would be the party who remained in possession. In *Cox* v. *Berry,* 13 *Ga.* 306, an action of ejectment was brought by A against B as tenant in possession. C, the landlord, was made a party defendant. Being unable to prove possession in B, the plaintiff dismissed after the bar of the

statute attached. Within six months he brought a suit for the same land against D as tenant in possession, to which C was a party defendant. C pleaded the statute of limitations. In answer to the proposition that the second suit was not a renewal of the first, because of a different tenant, the court said that it was certainly the same as far as the landlord C was concerned. "It is for the same land in favor of the same plaintiff, and he was a party defendant to both" actions. We therefore hold that the second suit was a renewal of the first action.

2. The statute declares that when any suit is dismissed and the plaintiff desires to recommence the suit, he may do so on the payment of costs or filing with his petition an affidavit that owing to his poverty he is unable to pay the cost. Civil Code (1910), §§ 5625, 5626. The failure to pay the costs or file the statutory affidavit may be pleaded in abatement of the second action. *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345). The question is, whether or not, according to the facts appearing in the record, the plaintiff has brought himself within the statute as to renewing a suit voluntarily dismissed. It appears that the first suit resulted in a verdict finding for the plaintiff the premises in dispute, which verdict was set aside on motion for new trial. The plaintiff then voluntarily dismissed his case; whereupon the following judgment was rendered by the court: "The plaintiff having in open court by his attorney dismissed this case, it is ordered that Luther Holmes, for the use of the officers of court, do have and recover of and from the plaintiff, George P. Huguley, the sum of one hundred and three dollars and eighty-five cents, costs of court in this case." The clerk of the court testified that he rendered a bill of costs to the plaintiff's attorney (which bill of costs included the court costs and witness fees as taxed in the judgment), who paid to him $40.15, the amount of the court costs, but did not pay any of the witness fees, and the same have not been paid. The subpœnas of the various witnesses, claimed in the itemized statement of costs, accompanied with an affidavit showing the number of days each attended court on the subpœna and the amount claimed by each, were introduced. These several amounts corresponded with the itemized statement of the bill of costs, which was introduced in evidence. "When a case is disposed of, the costs of the same, including fees of witnesses, shall be included

in the judgment against the party dismissing, being nonsuited, or cast; and it shall be the duty of the clerk of any court in this State, and of any justice of the peace, or other officer who may issue an execution, to indorse on said execution, at the time it is issued, the date and amount of the judgment, the items of the bill of cost (written in words), and the amount of each item distinctly stated in figures; and no costs, or items of costs, shall in any case be demanded by any such officer, which are not itemized and indorsed as herein provided." Civil Code (1910), § 5992. It is true that the judgment was entered up in the name of only one of the defendants for the use of the officers of court; but we consider this a mere informality. If the judgment for costs passed on the order of dismissal be simply erroneous and not void upon its face, the defendant is bound by it until it is reversed or set aside in some of the ways provided by law. It is contended that the evidence fails to disclose that any witness demanded payment of his fees from the plaintiff or his attorney, and that it is not made affirmatively to appear that the witnesses were entitled to the fees included in the judgment. The code provides that no party shall be liable for the costs of any witness of the adverse party, unless such witness was subpœnaed, sworn, and examined on the trial of the cause (where the case was tried), and no party shall be liable for the costs of more than two witnesses to the same point, unless the court shall certify that the question at issue was of such character as rendered a greater number of witnesses necessary to a single point. Civil Code (1910), § 5990. The reply to this contention is that it appears that the witnesses made affidavits upon their subpœnas as to their service and the amounts to which they were entitled, and these amounts were included in the judgment for costs rendered by the court. It is to be presumed that in rendering the judgment the court adjudicated the costs to be proper charges, and that judgment is conclusive upon the parties until it is vacated, set aside, or modified, and is not subject to collateral attack. It is also contended that the statute which authorizes a renewal of a dismissed action upon the payment of costs only contemplates the payment of court costs, and does not require the plaintiff to pay witness fees. The statute broadly states that the payment of costs is a condition precedent to the bringing of the action, and witness fees are a part of the costs. In renew-

ing his action the plaintiff would not be required to pay costs of witnesses which have not been demanded of him, or which may not have been included in the judgment for costs (*Shippen L. Co.* v. *Gates,* 136 *Ga.* 38 (70 S. E. 672)); but where the witnesses have filed their subpœnas with the clerk, with affidavits annexed as required by the statute, and such witness fees are included in the judgment for costs, the plaintiff must pay such fees, unless the judgment for costs is set aside, or modified, on motion to retax the costs. Under the facts appearing in the record, the plaintiff had paid only a part of the costs accrued before instituting the second suit; and therefore the plea in abatement should have been sustained.

*Judgment reversed. Beck, J., absent. The other Justices concur.*