## ABERNATHY *v.* ABERNATHY.

HILL, J. The judge in a habeas-corpus proceeding involving the custody of children must look to the welfare of the children, and has a very wide discretion, within legal limits, in reference to such matters; and where the decision complained of is within such discretion, gross abuse must appear in order to work a reversal of his judgment. No such abuse of discretion appears in this case. *Hollenbeck* v. *Glover,* 128 *Ga.* 52, 53 (57 S. E. 108).                   *Judgment affirmed. All the Justices concur.*

No. 6084. NOVEMBER 18, 1927.

Divorce, etc. Before Judge Roop. Haralson superior court. May 16, 1927.

Habeas Corpus, 29 C. J. p. 110, n. 26.

Parent and Child, 29 Cyc. p. 1605, n. 73.

John E. Abernathy and Mary Abernathy were married on May 5, 1912. They had one child, a boy. They separated in 1920. In a habeas-corpus suit for the custody of the child Judge Irwin rendered the following judgment on December 17, 1926: "After hearing the within-stated case, it is hereby ordered by the court that the custody of the child, J. T. Abernathy, be awarded as follows: Said child is to remain in the custody of the father, John Elbert Abernathy, until December 24, 1926, and then he is awarded to the mother, Mrs. Mary Abernathy, until January 23, 1927, when it is to be returned to the father until school closes at Felton, Georgia, in the spring of 1927, when he is to be returned to the custody of the mother; that is, the father is to have the custody and control of said child during the school months at Felton, and the mother is to have the custody and control of said child during the time school is not in session at Felton, unless, however, if said school should be run all the year, or for any longer time than nine months in each year, then and in that event the custody of said child is awarded to the mother for half the time. It is further ordered that neither of the parties shall conceal said child or remove him beyond the limits of the State of Georgia."

On April 29, 1927, Mary Abernathy instituted suit against John Elbert Abernathy, for divorce on the ground of desertion, alleging that the custody of the child had been awarded as provided by the above-recited order. The defendant filed an answer and cross-petition, in which he alleged that the child was fourteen years of age and had selected the defendant as his guardian, and that the plaintiff was morally unfit to have the custody of the child, on grounds particularly set out, which were alleged not to have been known or to have been passed upon by the judge in the former order disposing of the child. The plaintiff filed her answer to the cross-petition, denying the allegation of her unfitness, alleging extreme cruelty upon the part of the husband, and praying for divorce and alimony, and that the order theretofore granted as to the custody of the child be modified and revoked in so far as it provided for visits by the child to the plaintiff, and be made to provide that defendant have the unconditional custody of the child. On the hearing Judge Roop "ordered that the order of Judge Irwin, made December 17, 1926, be modified to the extent

that said child remain with the father until July 15, 1927; and after this, the order of Judge Irwin be and the same is to be carried out as therein made and ordered. It is also ordered that the mother be allowed to visit said child at such [times] as she desires pending the divorce proceeding." The defendant excepted to the refusal to revoke and modify the order of December 17, 1926, and the refusal of unconditional custody and control of the minor; but did not except to that part of the judgment allowing the mother to visit the child at such times as she desired pending the divorce proceeding.

*J. R. Hutcheson* and *M. J. Head,* for plaintiff in error.
*E. S. Griffith,* contra.