LUCAS *v.* SMITH.

No. 15693.    February 6, 1947.

*Lester F. Watson* and *James D. Shannon,* for plaintiff in error. *Stephens & Warnock,* contra.

HEAD, Justice. (After stating the foregoing facts.) Counsel for the plaintiff in error insist that under the Code, § 74-108, parental power of the father over his children can be lost only in one of the methods provided by such section; that the father in this instance had not lost his parental control and authority, and under the assignment of such parental authority to Mrs. Lucas, she was entitled

to the possession, custody, and control of the minor children. This section of the Code, if construed alone, would appear to authorize the contentions of counsel, but our system of law is not to be construed by single Code sections or single provisions of the law; the entire system must be construed as a whole to determine the intent and purpose of the law as applied to each particular case or state of facts. See *Huntsinger* v. *State,* 200 *Ga.* 130 (36 S. E. 2d, 92), and authorities cited. The Code, § 50-121, provides that, in writs of habeas corpus, "the court, on hearing all the facts, may exercise his discretion as to whom the custody of such . . child shall be given, and shall have power to give such custody of a child to a third person."

This court has many times construed the discretion vested in the trial judge in habeas corpus proceedings for the custody of children. "The judge in a habeas corpus proceeding involving the custody of children must look to the welfare of the children, and has a very wide discretion, within legal limits, in reference to such matters; and where the decision complained of is within such discretion, gross abuse must appear in order to work a reversal of his judgment." *Abernathy* v. *Abernathy,* 165 *Ga.* 208 (140 S. E. 382).

The discretion vested in the trial judge "ought to be exercised in favor of the party having the legal right, unless the circumstances of the case and the precedents established would justify the court, acting for the welfare of the child, in refusing it." *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48).

The rules of law applicable here appear to have been summed up in *Williams* v. *Crosby,* 118 *Ga.* 298 (45 S. E. 282), where this court said: "In a contest between two parties, both of whom are fit and proper persons, the one having the legal right should prevail. If both are proper parties, but neither has a legal right, the one having the strongest moral claim should prevail. But in every case, regardless of the parties, the welfare of the child is the controlling and important fact. This is not intended to nullify the laws of nature; for in most instances it will be found that the legal right of the parent and the interest of the child are the same. But if through misconduct or other circumstances it appears that the case is exceptional, and that the welfare of the child requires that it should be separated even from its parent, the parens patriæ must

protect the helpless and the innocent. They are the wards of the court, the hope of the State, and the seed corn of the future."

In the present case, the contest is not between a person having the legal right on one side and persons without such lgeal right on the other side, unless it should be said that the contract made by the father at the time he was incarcerated in jail transferred his parental authority to the plaintiff in error, Mrs. Will Lucas. Ordinarily a father may transfer and assign his parental authority, where the wife is dead, and such assignment would be valid. There is evidence, however, in this case, of "misconduct or other circumstances" as to the father, which at least places him under suspicion as the murderer of his wife, the mother of the children. Such evidence makes this case exceptional on its facts, and authorizes a judgment based on the court's determination of what is best for the welfare and happiness of the children, independently of any expression or wishes of the father.

There does not appear that abuse of discretion by the trial court necessary to reverse the present judgment.

*Judgment affirmed. All the Justices concur. Atkinson, J., concurs in the judgment but not in all that is said in the opinion.*