## WALLER v. WALLER.

No. 15870. July 11, 1947.

538

G. *Seals Aiken,* for plaintiff. *Golden & Haas,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) 1. In every case where the custody of minor children is involved, our law requires that the court having jurisdiction shall exercise a discretion in awarding the custody. Code, §§ 30-127, 50-121, 74-106, 74-107.

This court has repeatedly held that in all cases involving the custody of minor children, the paramount issue is the welfare of the children. However, where the custody of minor children is awarded to one of the parties in a divorce case by the final decree, the judge may thereafter exercise a discretion as to the custody of the children only in so far as there may be a change in material conditions and circumstances substantially affecting the interest and welfare of the minor children. *Kniepkamp* v. *Richards,* 192 *Ga.* 519 (16 S. E. 2d, 24) ; *Fortson* v. *Fortson,* 195 *Ga.* 755 (25 S. E. 2d, 518) ; *Fuller* v. *Fuller,* 197 *Ga.* 719 (30 S. E. 2d, 600).

In this case, it appears that in a divorce action between the parties the temporary custody of the minor children involved was awarded to the husband in February, 1942. Thereafter the wife filed a petition in which she alleged that the husband had abandoned the children and left them in her care, and she prayed that he be required to contribute to their support. In November, 1942, the court passed an order requiring the husband to pay to the wife $7 per week for their support, and to provide clothing and medical

expenses. In the final decree entered in January, 1943, the court provided that the plaintiff in error should continue to pay $7 per week and provide necessary clothing and medical expenses as long as the children remained in the custody of the wife or until they became of age or married. It further appears that the wife and mother remained in temporary custody of the minor children from 1942 until January, 1947, or approximately five years. By evidence offered by the plaintiff in error, it appears that he had remarried prior to the order issued in January, 1947, authorizing him to take custody of the minor children.

This court will not hold, as a matter of law, that actual custody by the wife and mother of minor children for approximately five years after their custody had been awarded to the husband and father, and the remarriage of the father, are not such new and material conditions or circumstances as would authorize the judge to award custody of the children to the mother for the month of August in each year, in lieu of the right of the mother to visit the children at any time in the home of the father. Compare *Atkinson* v. *Atkinson,* 160 *Ga.* 480 (128 S. E. 765) ; *Abernathy* v. *Abernathy,* 165 *Ga.* 208 (140 S. E. 382).

The plaintiff in error contends that the evidence offered by him demanded a finding that the mother was an unfit and improper person to have custody of the minor children for any period of time.

While the evidence offered for the plaintiff against the mother, if believed by the court, and if uncontradicted by evidence as to her good character and proper care of the children, would support such a finding, the evidence offered is so unusual and contrary to every natural impulse of a mother, as to be almost unbelievable. The evidence offered by the mother, if believed, was sufficient to disprove the charges made. The trial court had the parties before him. He could observe their conduct, and their method and manner of testifying. Therefore, if under the evidence we entertained any doubt as to the correctness of the judgment here complained of, that doubt would have to be resolved in favor of the judgment rendered by the trial judge, since he was in possession of information from his observation of parties and witnesses that could not appear in the record before this court.

The contention of the plaintiff in error that his evidence demanded a judgment refusing custody to the wife at any time is without merit.

2. The contention is further made that the evidence for the plaintiff in error, charging the wife with misconduct and illicit relations with a named individual, required the wife, under the Code, § 38-119, to procure evidence from such individual that the charge was not true. This contention requires nothing more than that we hold, as we do, that it is without merit.

*Judgment affirmed. All the Justices concur.*