21066.  YOUNG v. YOUNG.

522

ARGUED NOVEMBER 15, 1960—DECIDED JANUARY 5, 1961.

*Miles B. Sams,* for plaintiff in error.

ALMAND, Justice.  Franklin Young filed a petition for habeas corpus against his former wife, Eddie Young (Head).  He alleged that, in a divorce proceeding, he was awarded the custody of their minor child, Vickie Marie Young, on November 19, 1959, and that the child is now in the possession of the defendant, being illegally detained.  In her response the defendant prayed that she be awarded custody of the child because of a change in conditions subsequent to the divorce decree.

On the first hearing, the court granted the writ, but during the same term vacated the order, and after a hearing awarded the child to the custody of the defendant.  Error is assigned on the order vacating the order granting the prayer of the plaintiff, and on the final order awarding the child to the defendant.

Whether the court abused its discretion in vacating the first order cannot be determined, since the record does not contain the evidence on which the court acted.  So we pass to the question as to whether the final order was erroneous.

The award of custody of a child of the parties in a divorce decree is conclusive unless there have been subsequently to the decree new and material changes in the conditions and circumstances substantially affecting the interest and welfare of the child.  *Fortson v. Fortson,* 195 Ga. 750 (25 S. E. 2d 518) ; *Waller v. Waller,* 202 Ga. 535 (43 S. E. 2d 535).

Though the trial judge is given a discretion, he is restricted to the evidence and is unauthorized to change the custody where there is no evidence to show new and material conditions that affect the welfare of the child.  *Elders v. Elders,* 206 Ga. 297 (57 S. E. 2d 83).

The evidence at the hearing that appears in the record as to a change in the circumstances and conditions subsequent to the divorce decree relates primarily to the parents and not the child, such as the parties marrying again and the defendant preparing to establish a new residence.  On one occasion, where the father brought the child to visit the defendant, the child had

a skin rash, described as an allergy, which existed prior to the divorce. The evidence fails to show any change in the father's fitness or ability to care for the child. There being no evidence showing a material change of circumstances or conditions affecting the welfare of the child, the court erred in awarding custody to the defendant mother. See *Moody v. Moody*, 193 Ga. 699 (19 S. E. 2d 504); *Peeples v. Newman*, 209 Ga. 53 (70 S. E. 2d 749).

*Judgment reversed. All Justices concur.*