### 24918. O'KELLEY et al. v. ALEXANDER.

FRANKUM, Justice. We have for consideration in this case the construction to be given the provisions of § 41 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141 (b)), as it relates to an order of dismissal for failure to pay the costs. In the instant case it appears that the plaintiffs had previously filed a complaint for the same cause of action against the same defendant in the Superior Court of Clarke County. That action was voluntarily dismissed by the plaintiffs and an identical action was brought in the Superior Court of Rabun County without first paying the costs in the action previously brought in the Superior Court of Clarke County. The presiding judge dismissed the second action for failure to pay the costs, as required by Rule 41 (d), and thereafter the plaintiffs brought the present complaint in the Superior Court of Rabun County. Upon motion of the defendant this complaint was dismissed, the court apparently acting under the provisions of § 41 (b). Section 41 (b) of the Civil Practice Act, as set forth in *Code Ann.* § 81A-141 (b) provides: "For failure of the plaintiff to prosecute or to comply with this title or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." In applying the provisions of this section to the order under consideration in this case it must be kept in mind that one of the purposes of the Civil Practice Act is to secure the just, speedy, and inexpensive determination of every action on its merits. The Act should be given that construction which will comport with natural equity and justice and which will also foster and advance its purposes. *Lombard v. Trustees of Young Men's Library Assn. Fund,* 73 Ga. 322. A con-

struction of the Act which will avoid dismissals of actions on technical grounds to the end that all actions shall be tried on their merits is consistent with these principles.

The particular question here for consideration, then, is what is the scope to be given the phrase "dismissal for lack of jurisdiction" contained in the exception to dismissals which under § 41 (b) operate as an adjudication upon the merits of the controversy. We think that to construe this phrase so as to exclude from the definition of "dismissals for lack of jurisdiction" orders of the nature involved in this case would be giving it too narrow a construction. This phrase should not be construed so as to limit its application to only those cases in which fundamental jurisdictional defects appear which would render a judgment void and subject to collateral attack, such as cases wherein it appears the court lacked jurisdiction over the person of the defendant or jurisdiction of the subject matter of the action. We think that this phrase is broad enough to encompass those dismissals which are based on the failure of the plaintiff to comply with a precondition requisite to the trial court's going forward with a determination of the merits of the plaintiff's substantive claim, and we so construe it.

To give this Code section any narrower construction would result in narrowing the rule which obtained at common law, for there dismissals on grounds not going to the merits were not ordinarily a bar to a subsequent action on the same claim. Even at common law it was generally conceded that there must be at least one decision on a *right* between the parties before it could be said that the controversy had been terminated on its merits. If the former action was dismissed for defects in the pleadings or for lack of necessary parties or as a result of the plaintiff's misconception of the form of the proceeding or for want of the jurisdiction of the court to try the claim or *in fact* was disposed of on any ground which did not go to the merits of the action the judgment rendered did not constitute a bar to another suit. Costello v. United States, 365 U. S. 265, 284-288 (81 SC 534, 5 LE2d 551). The substance of the common law rule in this regard is embodied in *Code* § 110-503. That Code section was not specifically repealed by the General Assembly in enacting the Civil Practice Act, and we will not construe that Act as impliedly repealing the Code section in the absence of necessity for such

construction, especially where to do so would be contrary to the manifest spirit and purpose of the Civil Practice Act. That Code section provides: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." *Code* § 110-503. In this case it is obvious from the language of the order of dismissal relied upon by the appellee that the dismissal was not in fact an adjudication of the merits of the controversy but was a dismissal merely for failure to pay the costs in a prior proceeding.

It follows that the trial court erred in dismissing the plaintiff's complaint under § 41 (b) on the theory that the prior dismissal because of the failure to pay the costs in the first case after voluntarily dismissing it constituted an adjudication on the merits, even though the trial court in the prior order of dismissal did not specify that that dismissal would not operate as an adjudication upon the merits.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

ARGUED NOVEMBER 12, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED JANUARY 23, 1969.

*G. Hughel Harrison,* for appellants.

*Reed & Dunn, Robert J. Reed,* for appellee.

DUCKWORTH, Chief Justice, dissenting. The law upon which this case depends is found in *Code Ann.* § 81A-141 (b) (Ga. L. 1966, pp. 609, 653). The very last sentence therein is as follows: "Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indipensable party, operates as an adjudication upon the merits." This record shows that the judgment dismissing the second suit because the costs in an identical prior suit had not been paid which was dismissed by the plaintiff, did not *otherwise specify,* and hence was an adjudication on the merits, as plainly stated in the above

statute. The present appeal is from an order of the court dismissing a third suit by the same plaintiff upon the same cause. All history was presented to the court in support of a motion to dismiss which was sustained, and this appeal ·is from that judgment.

The majority asserts that the purpose of this law was to secure speedy trials on the merits, and that it should be liberally construed to obtain that result. The opinion is wrong. There is no ambiguity in the statute, and under uniform decisions of this court it neither requires nor permits court construction. *Undercofler v. Hospital Authority of Forsyth County*, 221 Ga. 501 (145 SE2d 487), and cases cited at page 503. The opinion defeats what it says is the purpose of the Act. Certainly by perpetuating a case through three separate filings is not speed. Nor can justice ever be done by violating plain law, and the statute provides too plainly to be misunderstood that the court orders of dismissal, not having *otherwise specified*, and it not being based upon lack of jurisdiction, improper venue, or an indispensable party, "operates as an adjudication upon the merits."

The opinion cannot be defended by the fact that parts, but not all, of the Act, are identical with some, but not all, of the Federal rules. The rule they seek to invoke is applicable only when a statute in its entirety is literally lifted from another statute. *Bush & Hattaway v. W. A. McCarty Co.*, 127 Ga. 308, 310 (56 SE 430, 9 AC 240) ; *Sinclair v. Friedlander*, 197 Ga. 797, 799 (30 SE2d 398). I know no exception to the rule that any statute or document must be construed as a whole, and it is not permissible to chop it into separate parts and construe them alone. *Huntsinger v. State*, 200 Ga. 127, 130 (36 SE2d 92) ; *Lucas v. Smith*, 201 Ga. 834, 837 (41 SE2d 527).

The legislature obviously sought to protect a defendant against being repeatedly drawn into court to defend the same case. Here, he had the expense of defending three times, all due to plaintiff's carelessness or failure to obey the law. He has been treated badly by the majority who require him to defend a fourth time, when the law provides otherwise. In *Holmes v. Huguley*, 136 Ga. 758 (72 SE 38), this court affirmed the lower court in dismissing a second suit when a judgment for the costs in a former suit had not been paid.

This court has no right to give a free ride to one who trifles with the courts by filing the same suit three times without paying the court costs as he goes.

I will add that Mr. Presiding Justice Emeritus Candler, who rendered the judgment now under review, acted then as he did for twenty years on this court. He followed the law.