## 26971. CARVER v. CRANFORD et al.

NICHOLS, Justice. Upon further consideration of this case we have determined that the writ of certiorari was improvidently granted, and accordingly the case is
*Dismissed. All the Justices concur, except Gunter, J., who dissents.*
ARGUED MARCH 13, 1972—DECIDED APRIL 6, 1972.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Lewis, Lewis, Spearman & Bynum, Joe H. Bynum, Jr.,* for appellant.
*Beck, Goddard, Owen, Squires & Murray, Samuel A. Murray, J. C. Owen, Jr.,* for appellees.

GUNTER, Justice, dissenting. The Court of Appeals has held in this case that the dismissal of an action for want of prosecution is an adjudication on the merits pursuant to § 41 (b) of the Civil Practice Act (*Code Ann.* § 81A-141 (b)),

so as to prevent the same cause of action from being brought again.

The decision of the majority rendered here today affirms the opinion and judgment of the Court of Appeals.

I respectfully disagree with the majority and would hold that the dismissal of an action in the trial court for want of prosecution is a purely technical dismissal; a technical dismissal is one in which the merits of the contest between the contending parties are not considered or decided; and a judgment based on a technical dismissal does not constitute a bar to the same action being brought a second time.

It is my opinion that the majority's decision today goes squarely against the decision of this court in *O'Kelley v. Alexander*, 225 Ga. 32 (165 SE2d 648). In that case this court said that one of the purposes of the Civil Practice Act is to secure the just, speedy, and inexpensive determination of every action on its merits, that the Act should be given that construction which will comport with natural equity and justice, and a construction of the Act which will avoid dismissals of actions on technical grounds to the end that all actions shall be tried on their merits is consistent with these principles. The decision went on to hold that the phrase "dismissal for lack of jurisdiction" contained in § 41 (b), such dismissals not operating as an adjudication upon the merits, was broad enough to encompass those dismissals which are based on the failure of the plaintiff to comply with a precondition requisite to the trial court's going forward with a determination of the merits of the plaintiff's substantive claim. That was the construction given this crucial language in *O'Kelley*, and it should be the construction given this same language today.

*O'Kelley* also held that any narrower construction of this provision of the Civil Practice Act would result in narrowing the rule which obtained at common law, for there dismissals on grounds not going to the merits were not ordinarily a bar to a subsequent action on the same claim. It also recited that under the common law if a claim was disposed of on any ground which did not go to the merits of

the action the judgment rendered did not constitute a bar to another suit.

The broad principle enunciated in *O'Kelley* should control the present case, and we should hold that a dismissal for want of prosecution does not amount to an adjudication of the case on its merits.

*Code* § 110-503 has not been specifically repealed nor has it been repealed by implication. *O'Kelley* so held. This Code section plainly says: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. *For the former judgment to be a bar, the merits of the case shall have been adjudicated.*" The basis for this Code section is the case of the *National Bank of Augusta v. Southern Porcelain Mfg. Co.,* 59 Ga. 157, 165. That case was decided by this court in 1877, and the language used there by the court is somewhat overpowering: "Sound sense, as well as the adjudications of the courts, lay down the rule that the rights of the parties must be actually considered and adjudicated before the former adjudication will bar the subsequent suit. In other words, the merits of the case between the parties must be adjudicated."

In the case of *Anderson v. Black,* 199 Ga. 59 (33 SE2d 298, 158 ALR 354) this court said: "Under both rules [the doctrine of res adjudicata and the doctrine of estoppel by judgment], in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved."

I contend that a litigant in the Georgia courts has a substantive right to have his case heard and determined on its merits; and neither the utter inability of a party's lawyer (certainly not the case in this litigation) nor the unintentional error of a party's lawyer, which gives birth to a technical dismissal of the party's case, without reaching the merits, should bar and forever cut off this substantive right.

The majority's decision in this case today turns back the clock to a legal age, which I thought was forever in the past, when technicalities invented by lawyers and judges prevented litigants from having their cases determined on the merits in our courts.

I would affirm the judgment of the trial judge, and I would reverse the judgment of the Court of Appeals.

I respectfully dissent.