62785. ELLINGTON v. LOWE.

POPE, Judge.

On March 13, 1980 in the Superior Court of Appling County appellee Faye B. Lowe was awarded a divorce from appellant H. E. Ellington and permanent custody of the two minor children of the marriage. Subsequently, she remarried and moved with the children to Florida. In early March of 1981 appellant Ellington removed the children from Florida to Georgia, refused to return them and filed a

petition for change of custody in the Juvenile Court of Appling County. Mrs. Lowe filed a habeas corpus petition in Appling Superior Court which was transferred and joined to the juvenile court proceeding. Following a hearing the judge dismissed Mrs. Lowe's petition because she had failed to introduce a certified copy of the divorce decree as the highest and best evidence that she was entitled to the custody and control of the children and that Ellington was holding them illegally. No further action was taken on Ellington's petition for change of custody. Mrs. Lowe filed a second habeas petition before the superior court on May 1, 1981, which was transferred to the juvenile court, basing her right to custody of the children on a certified copy of the divorce decree. Ellington's sole defense, a plea of res judicata, was rejected by the court which ordered that the children be returned to Mrs. Lowe. From this judgment Ellington appeals.

We affirm. Under Code Ann. § 74-513 a custody decree rendered in this state binds all parties thereto and "is conclusive as to all issues of fact and law decided and as to the custody determination made unless and until that determination is modified pursuant to law. . . ." No such determination was made in the prior litigation in this case. Mrs. Lowe's petition was dismissed because of a technical defect which was subsequently corrected rather than as the result of an adjudication on the merits. "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first." Code Ann. § 110-503. Accord, *Broughton v. Griffin,* 244 Ga. 365 (260 SE2d 75) (1979); *Nat. Heritage Corp. v. Mt. Olive Memorial Gardens,* 244 Ga. 240 (260 SE2d 1) (1979); *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648) (1969).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 11, 1982.

*Alvin Leaphart,* for appellant.
*W. Jefferson Hires,* for appellee.