# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 230

In the Interest of A.E.E., a Child

| | |
|---|---|
| A.M.V. and E.S.V., | Petitioners and Appellees |
| and | |
| K.B. and T.B., | Petitioners and Appellants |
| v. | |
| A.E.E., Child, A.E., Father | Respondents |
| and | |
| H.R.F.H., Mother, | Respondent and Appellee |

### No. 20240121

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Aften M. Grant, Minot, ND, for petitioners and appellees.

Kyle R. Craig, Minot, ND, for petitioners and appellants.

Thomas J. Burckhard, Minot, ND, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]   K.B. and T.B. (paternal grandparents) appeal from a juvenile court order denying their motion seeking to modify a guardianship by removing the existing guardians, A.V. and E.V. (maternal aunt and uncle), and appointing the paternal grandparents as the successor guardians of A.E.E. The court found that the reasons for appointing the maternal aunt and uncle as A.E.E.'s co-guardians had not changed, that it continued to be in A.E.E.'s best interests and welfare, as her interests are defined and determined under the factors set forth in N.D.C.C. § 14-09-06.2(1), to remain under the guardianship of the maternal aunt and uncle. We conclude the court's findings are not clearly erroneous and affirm the denial of the motion to modify the guardianship.

I

[¶2]   In April 2022, H.H., the mother of A.E.E., was arrested for the murder of A.E.E.'s father. H.H. provided a written consent directing A.E.E. to be placed with the maternal aunt and uncle as "emergency co-guardians and co-guardians regardless of the status of [her] incarceration." The maternal aunt and uncle filed a petition to be appointed emergency and permanent co-guardians of A.E.E. The paternal grandparents of A.E.E. objected to the maternal aunt and uncle's petition for appointment and sought to be appointed the guardians of A.E.E. The maternal aunt and uncle were appointed as emergency co-guardians of A.E.E. pending a full hearing.

[¶3] Following a full juvenile adjudication hearing, the juvenile court appointed the maternal aunt and uncle as co-guardians of A.E.E. The paternal grandparents did not appeal.

[¶4]   H.H. was subsequently convicted of murdering A.E.E.'s father. H.H. was sentenced to life in prison without the possibility of parole.

[¶5]   Following the conviction, the maternal aunt and uncle filed a motion seeking to relocate out of state with A.E.E. The paternal grandparents responded,

opposing the motion and seeking to remove the maternal aunt and uncle as co-guardians of A.E.E. Following a hearing, the juvenile court granted the maternal aunt and uncle's motion to relocate, and denied the paternal grandparents' motion to remove the maternal aunt and uncle as co-guardians. The court supported its order with the following findings: 1) the reasons for appointing the maternal aunt and uncle as A.E.E.'s co-guardians had not changed, and 2) it continued to be in A.E.E.'s best interests and welfare, as her interests are defined and determined under the factors set forth in N.D.C.C. § 14-09-06.2(1), to remain under the co-guardianship of the maternal aunt and uncle. The paternal grandparents appealed the denial of their request to remove the maternal aunt and uncle as co-guardians.

II

[¶6]   The paternal grandparents argue the juvenile court was clearly erroneous in denying their motion to remove the maternal aunt and uncle as co-guardians, asserting "[u]nfitness usually disqualifies a parent from custody." In support of their argument, they contend that when a parent commits murder, the parent's parental rights may be terminated. *See, e.g.*, N.D.C.C. § 27-20.3-20(1)(b); N.D.C.C. § 27-20.3-01(3)(d)(1). They note that factor j of the best interest factors requires the court to presume an individual may not be awarded residential responsibility if serious bodily injury or use of a weapon occurs against a family or household member. N.D.C.C. § 14-09-06.2(1)(j). They further cite to cases in other states holding that a parent convicted of murder is prohibited from controlling the custody of the parent's children. *See, e.g., Lucas v. Smith*, 201 Ga. 834, 41 S.E.2d 527 (1947); *Sturkie v. Skinner*, 214 Ga. 264, 104 S.E.2d 417 (1958); *Nancy Viola R. v. Randolph W.*, 177 W.Va. 710, 356 S.E.2d 464 (1987). Consequently, they assert the court erred because H.H. was convicted of murder and should not have been able to choose A.E.E.'s guardians through the original declaration of who should be appointed as emergency guardians.

[¶7]   Additionally, the paternal grandparents argue the maternal aunt and uncle falsely testified to help H.H. develop an alibi at her murder trial. They contend the alleged false testimony made the maternal aunt and uncle active

2

participants, "arguably accomplices after the fact," in H.H.'s murder of A.E.E.'s father. This argument likely relates to factor f of the best interest factors.

[¶8] Finally, as a matter of public policy, the paternal grandparents request this Court adopt a presumption that family members of a parent who is convicted of murdering the other parent of a child be prohibited from being appointed as guardians.

[¶9] This Court will not set aside a juvenile court's findings of fact unless they are clearly erroneous. *In re Guardianship of P.T.*, 2014 ND 223, ¶ 5, 857 N.W.2d 367. A finding of fact is clearly erroneous "if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law." *Id*. (quoting *Akerlind v. Buck*, 2003 ND 169, ¶ 7, 671 N.W.2d 256). "On appeal, we review the files, records, and minutes or the transcript of the evidence, and we give appreciable weight to the findings of the juvenile court." *Id*. (quoting *In re B.B.*, 2010 ND 9, ¶ 5, 777 N.W.2d 350). "[W]e give due regard to the juvenile court's opportunity to judge the credibility of the witnesses." *Id*.; *see* N.D.R.Civ.P. 52(a)(6).

[¶10] Under N.D.C.C. § 27-20.1-16(2), "[a]ny party to the proceeding in which the child's status was adjudicated . . . may petition for removal or modification of a guardian on the grounds the removal or modification would be in the best interest of the child." The person seeking modification of the guardianship must file a supporting affidavit with the petition demonstrating the basis for it, which must be reviewed by the court to determine whether to set an evidentiary hearing. N.D.C.C. § 27-20.1-16(4). "If an insufficient showing has been made, the court shall issue an order denying the petition." *Id*.

[¶11] A full evidentiary hearing was held by the juvenile court. After the hearing, the court issued the following findings:

> Despite [H.H.'s] status having changed from presumptively innocent to convicted murderer following the entry of the Court's Findings of Fact, Conclusions of Law, and Order for Adjudication of Minor Child on April 17, 2023, the Court's reasons for appointing [A.V. and E.V.] as [A.E.E.'s] co-guardians have not changed; it

continues to be in [A.E.E.'s] best interests and welfare, as her interests are defined and determined under the factors set forth at N.D.C.C. § 14-09-06.2, to remain under the guardianship of [A.V. and E.V.] through April 27, 2026. The terms of the Order for Appointment of Co-Guardians dated April 27, 2023 remain in full force and effect.

[¶12] In denying the motion, the juvenile court referenced and upheld its original findings of the best interest factors from the initial juvenile adjudication hearing. In the initial juvenile adjudication hearing, the juvenile court found factors a, c, d, e, and h of N.D.C.C. § 14-09-06.2(1) to be in favor of the maternal aunt and uncle. All other factors were found to either be neutral or inapplicable, and none in favor of the paternal grandparents. Those findings were not appealed.

[¶13] This case is distinguishable from other cases we have addressed because it does not involve a natural parent seeking termination of a guardianship, but rather a nonparent requesting removal or modification of a nonparent guardian. We have not previously decided the evidentiary burden(s) of proof that must be met when a nonparent petitions for removal or modification of a nonparent guardian under N.D.C.C. § 27-20.1-16(2). Such petitions require an analysis of the best interest factors set out in N.D.C.C. § 14-09-06.2(1). As such, like any best interest factor analysis, we hold the burden is on the petitioners to establish, by a preponderance of evidence, that removal or modification of the guardianship is in the bests interests of the child or children. There is no persuasive reason to use a clear and convincing standard, nor to require the guardians to prove the guardianship should continue by a preponderance of the evidence.

[¶14] The paternal grandparents were provided with an opportunity at the most recent hearing to prove removal of the existing guardians or modification of guardianship was in A.E.E.'s best interests. At the hearing, they focused almost exclusively on addressing only factor f, the alleged "unfitness" of the maternal aunt and uncle and failed to address any of the prior findings made by the court on the best interest factors. The maternal aunt and uncle provided evidence to rebut the claims of their alleged "unfitness." There is evidence to support the juvenile court's findings, we are not left with a definite and firm conviction a

4

mistake has been made, and the findings were not induced by an erroneous view of the law. We conclude the findings are not clearly erroneous.

## III

[¶15] The juvenile court's findings that the reasons for appointing the maternal aunt and uncle as A.E.E.'s co-guardians had not changed, and that it continued to be in A.E.E.'s best interests and welfare to remain under the guardianship of the maternal aunt and uncle were not clearly erroneous. To the extent other issues were raised by the paternal grandparents on appeal, we determine those issues to be without merit or unnecessary for our decision. We affirm the court's order denying the paternal grandparents' request to modify the existing guardianship.

[¶16] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr