### 21409. ADAMS v. HEFFERNAN.

SUBMITTED OCTOBER 9, 1961—DECIDED NOVEMBER 9, 1961.

*Cumming, Nixon, Eve, Waller & Capers, Jos. B. Cumming,* for plaintiff in error.

*John F. Hardin, Henry J. Heffernan, Carl E. Sanders,* contra.

HEAD, Presiding Justice. Shirley K. Adams, formerly Shirley Koontz Heffernan, filed her petition for the writ of habeas corpus to require her former husband, William J. Heffernan, Jr., to surrender to her the custody of Deborah Cushing Heffernan, Lydia Rathbone Heffernan, and Kevin Joseph Heffernan, minor children of the parties, whose custody had been awarded to her in a divorce decree. The father by his response contended that there had been a change in material conditions and circum-

stances affecting the interest and welfare of the children since the date of the decree awarding custody of the children to the mother. At the conclusion of the hearing, the trial judge awarded the custody of the children to the father, with visitation rights to the mother. The exception is to this judgment.

"In cases between parties involving the custody of their minor children, the rule is established that the judge exercises a sound legal discretion, looking to the best interest of the child or children, and that this court does not interfere with his judgment unless that discretion appears to have been abused. *Code* §§ 30-127, 50-121, 74-107; *McDowell v. Gould,* 166 Ga. 670 (144 SE 206). We of course recognize it as settled law in this State that the doctrine of res judicata applies in such cases, and that when an award has been made the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting the interest and welfare of the children. *Lockhart v. Lockhart,* 173 Ga. 846 (162 SE 129), and cit.; *Shields v. Bodenhamer,* 180 Ga. 122 (178 SE 294); *Slate v. Coggins,* 181 Ga. 17 (181 SE 145)." *Willingham v. Willingham,* 192 Ga. 405, 406 (15 SE2d 514); *Waller v. Waller,* 202 Ga. 535, 538 (43 SE2d 535); *Young v. Young,* 216 Ga. 521 (118 SE2d 82).

The evidence showed that since the rendition of the divorce decree the mother has married Eddie J. Adams, a sergeant in the United States Army, and after their marriage they made their home at the noncommissioned officers' quarters at Fort Bragg, North Carolina. The mother took the three children to this home, and the three children of Sergeant Adams by a previous marriage also resided in the same household. The children of the parties came to the home of the father for a visit during the year preceding the hearing, and they were living in the home of the father at the time of the hearing. The father has legal custody of two sons of the parties. The mother at the time of the hearing was in Monterey, California, and she and her husband expected to return to Fort Bragg after the completion by her husband of a course of instruction.

The father testified that the children appeared to be happy

in his home. Dr. Peter G. Cranford, a clinical psychologist, testified that he had examined the three children individually, out of the presence of their father, that they each seemed to be upset about the situation with their mother and stepfather and preferred to be with their father, and that it was his opinion that it would not be good for them to return to their former situation. Deborah Cushing Heffernan (whose age does not appear) testified that she and her brother and sister did not get along well with the children of Sergeant Adams, that they had to be separated in their rooms, they fought and fussed, and that Sergeant Adams "was sort of fussy and mean"; she stated that she wanted to live with her father. Lydia Heffernan (aged 11) testified that Sergeant Adams "was mean to us sometimes," and that on one occasion she heard him say that "he was going to bash Daddy's brains out"; she stated that she wished to stay with her father. A. P. Markert testified that Sergeant Adams was formerly connected with the R. O. T. C. unit of Richmond Academy as an instructor; the witness had reports in regard to Adams' conduct in relationship to the young girls at the Academy, and requested the Commandant to talk with Adams and suggest to him that he be on less familiar terms with the girls in the school; thereafter the witness requested that Adams be relieved of his duties because of his own observation "of his improper conduct, his familiarity, placing his hands on the girls and around their necks, and pulling them into dark corners."

It is contended by counsel for the mother that none of the evidence at the hearing showed any unfitness of the mother to have the custody of the children, and that it is necessary to show such unfitness in order to show a change of circumstances materially affecting the welfare of the children. The question of the fitness of the parties seeking custody of minor children is always a proper subject of inquiry. *Singleton v. Singleton,* 216 Ga. 790 (119 SE2d 558). However, it is not essential in every case of a contest between parents as to the custody of children to show the unfitness of the party to whom custody has been awarded in order to show a change of circumstances materially affecting the welfare of the children. In *Handley v.*

*Handley,* 204 Ga. 57, 59 (48 SE2d 827), this court held. "A change of circumstances that would render a prior judgment inconclusive is not necessarily limited to a change in the moral or financial condition of the parent to whom the initial award was made, . . ."

The case of *Shope v. Singleton,* 196 Ga. 506 (2) (27 SE2d 26), is not in point on its facts with the present case, since the contest in that case was not between parents, but was between one having the legal right of custody and one having no right. Counsel cite language from *Wetherington v. Wetherington,* 216 Ga. 325 (2) (116 SE2d 234), as follows: "The allegations with reference to a change of conditions upon which custody of the children was awarded contains the same infirmity. It shows no act or conduct of the mother that creates a moral condition that is different from what it was when custody was awarded to her." The "infirmity" in the allegations that the court was referring to is shown in the first part of headnote 2, from which this language is quoted, that it was a "mere general allegation" with no facts to support the allegation. No ruling was made that in a contest between parents it would be necessary to allege unfitness of the parent having custody in order to show a material change in circumstances affecting the welfare of the child.

We can not say that the trial judge in the present case abused his discretion in finding that the evidence showed new and material conditions and circumstances substantially affecting the interest and welfare of the children, and in awarding their custody to the father. *Benefield v. Benefield,* 216 Ga. 593 (118 SE2d 464).

*Judgment affirmed. All the Justices concur.*