Wanda **CAMPBELL**, Appellant,

v.

Gordon Gregory **CAMPBELL**, Appellee.

No. 8244.

Court of Civil Appeals of Texas, Amarillo.

Feb. 22, 1972.

E. Byron Singleton, Amarillo, for appellant.

Sanders, Miller & Baker, Oth Miller, Amarillo, for appellee.

REYNOLDS, Justice.

Appellant Wanda Campbell has appealed from a trial court judgment, entered on a jury verdict, enlarging the visitation rights of appellee Gordon Gregory Campbell with Steven Wesley Campbell, the minor son of these divorced parties. Reversed and remanded.

By a judgment entered on May 22, 1963, the Domestic Relations Court of Hutchinson County granted appellant a divorce from appellee and approved and incorporated into the judgment the written agreement executed the same day by the parties. In addition to other matters, the incorporated agreement provided that custody of the parties' minor son, then approximately eighteen months of age, shall be vested in appellant, and that appellee shall be permitted visitation of reasonable duration on two separate days in each month at appellant's home after giving reasonable prior

notice. More than five years thereafter, on October 10, 1968, appellee filed in the same cause his petition seeking an enlargement of his visitation rights on an allegation of materially changed conditions since the entry of the original judgment. The venue of the suit was contested and on appeal the pleadings were construed to constitute a suit for change of custody, rather than for a change in visitation rights, and the cause was ordered transferred to the Domestic Relations Court of Potter County.[1] A jury trial culminated in a jury verdict being returned on May 18, 1970, and judgment thereon was entered on July 1, 1971, changing appellee's visitation rights from and including those granted in the original custody order to visitation "off the premises of the (appellant) once a month, for a period not to exceed twenty-four (24) hours," and "for one week per year if Steven Wesley Campbell agrees and this is not to abrogate twice a month visitations."

Appellant's premise that the trial court reversibly erred in entering the judgment of modification is embellished in 24 points of error basically presenting four contentions. The four contentions are that (1) appellee failed to show the conditions existing at the time of entry of the original custody and visitation order, (2) appellant was denied the right to show the true conditions that existed at the time the visitation rights originally were established, (3) appellee failed to show such material changes in conditions occurring since the original decree that would authorize a change in visitation rights, and (4) the court erred in entering judgment on the jury verdict fourteen months after the verdict was returned. We sustain the first three contentions. With respect to appellant's fourth basic contention, her brief

1. Campbell v. Campbell, 441 S.W.2d 658 (Tex.Civ.App.—Amarillo 1969, writ dism'd w. o. j., 445 S.W.2d 513 (Tex. Sup.1969). The Supreme Court, in dismissing the application for writ of error because jurisdiction was based upon a conflict of decisions and the application did not cite cases presenting a conflict of opinions, noted that the holding of the court of civil appeals was neither approved nor disapproved.

contains a condensed statement of the pertinent facts, but it does not list any authority for, or contain such discussion of the facts and authority relied upon to maintain, the point in issue as provided in Rule 418, Texas Rules of Civil Procedure. Therefore, we may assume that the contention is waived, Watson v. Godwin, 425 S. W.2d 424 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.), and we will not further notice the points of error advancing this contention.

■ Appellee has filed no brief and on submission his trial counsel waived oral argument. Appellant's factual statement of the record has been neither answered nor challenged. Under these circumstances, this court will accept appellant's brief as correctly stating the facts and the record without resort to the statement of facts, and dispose of this appeal in conformity therewith. Rule 419, T.R.C.P., and the plethora of cases cited thereunder pronouncing and applying this rule.

■ Appellant declares, and condenses the testimony to reflect, that the evidence introduced failed to apprise the jury of the conditions and circumstances in existence at the time the original decree was entered, and that the trial court refused appellant's proposed evidence that would designate such conditions. Except for the determination of venue, the distinction between a suit for change of custody and one for modification of visitation rights is immaterial and subservient to the real issue of the best interest of the minor. Leithold v. Plass, 413 S.W.2d 698 (Tex.Sup.1967). Once a court has exercised its decretal powers to determine custody and visitation matters, the final judgment is res judicata of the best interest of the minor child as to the conditions then existing, Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup.1963), and in order to escape the bar of res judicata, there must be a showing of materially changed conditions affecting the best inter-

est of the child. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963). It, then, is elemental that before a modification of visitation rights may be decreed there must be established the conditions alleged to have materially changed. *A fortiori*, the failure to establish the conditions that existed at the time of the order sought to be modified, or the denial of the right to show those conditions, furnishes no basis upon which a determination of materially changed conditions can be predicated.

■ Appellant represents that, irrespective of the failure to establish the conditions prevailing at the time of the original decree, appellee introduced limited testimony reflecting the only changes in circumstances to be that appellant had moved from Borger to Amarillo,[2] that time had elapsed since the original decree and the minor child was older, and that appellee had married thrice and divorced twice in the interim. To effectuate a change in visitation rights, appellee was required to introduce competent evidence of a material change of conditions since the entry of the original order. Leithold v. Plass, supra. The material change of conditions required is not established by evidence that the custodial parent has changed his or her residence, even to an out-of-state place, Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962); or that the non-custodial parent has remarried, Heiskell v. Heiskell, 412 S. W.2d 774 (Tex.Civ.App.—Amarillo 1967, no writ), even though the marriage results in a suitable home for the minor, Paynter v. Janca, 331 S.W.2d 814 (Tex.Civ.App.— San Antonio 1960, no writ); or that the minor child has grown older, because aging is an inexorable progression prevalent in all custodial contests. In our opinion, the presence of all three circumstances is only a showing of slight changed conditions and is insufficient to disturb the previous order. 20 Tex.Jur.2d Divorce and Separation § 350. To warrant a modification of previously adjudicated visitation rights,

---

2. We judicially notice that the distance from Borger to Amarillo is 50.4 miles.

there must be, additional to the three circumstances shown, competent evidence of other changes which establish that a modification would be for the best interest of the minor.

Under the factual record presented by appellant and accepted by us as being correct, we hold that the trial court erred in entering the judgment modifying the existing visitation rights of appellee, and the judgment must be reversed. Appellant requests that we render judgment for her on this record; however, because it is obvious that the case has not been fully developed, we remand, rather than render, in the interest of justice. Rule 434, T.R.C.P., Barnum v. Lopez, 471 S.W.2d 567 (Tex. Sup.1971).

In view of our holding we do not deem it requisite to discuss the concomitant points of error assigned since they are not material to our decision and probably will not arise in the event of another trial.

Reversed and remanded.