HENRY P. STRUZINSKI ET UX. *v.*
MARY ANGELA BUTLER

[No. 493, September Term, 1974.]

\* \* \*

HENRY P. STRUZINSKI ET UX. *v.*
ANGELA MONROE BUTLER

[No. 578, September Term, 1974.]

*Decided February 20, 1975.*

The cause was argued before MORTON, LOWE and MELVIN, JJ.

*Richard C. Murray* for appellants.

No appearance or brief filed for appellee.

Lowe, J., delivered the opinion of the Court.

The appellate case load continues to increase. Here we are presented with three appeals in two cases concerning one child. The appellants are the maternal grandparents of the child who is the subject of concern. The child's mother is the appellee.

### Appeal No. 493, Facts

Appellants sought custody by petition filed in the Circuit Court for Baltimore County on December 5, 1972. Although custody of the child had been awarded to the mother by the Circuit Court of Baltimore City at the time of her divorce, the appellants' petition noted that the child now resided with them in Baltimore County, and that both of the child's parents' whereabouts were unknown. Temporary custody was awarded appellants, while appellee and her estranged husband were ordered to show cause why the relief sought should not be granted. On January 7, 1974 a similar order was issued. Three weeks later appellee filed a Motion Raising Preliminary Objection attacking venue in the Baltimore County Court. She recited that custody emanated from Circuit Court No. 2 of Baltimore City. Although the petition recited facts manifestly indicating a change in residential circumstances, the Baltimore County Court granted the motion and dismissed the appellants' petition for custody for reasons hereafter discussed. An appeal was entered.

### Appeal No. 578, Facts

Appellee then filed a Petition for Contempt in Circuit Court No. 2 of Baltimore City, "for violating the Decree of Divorce of August 4, 1972." Appellants' answer offered among other reasons that Appeal No. 493 was pending, that appellee had abandoned the child and that there was no order of court directed against them for which they could be in contempt. That petition has been left unresolved.

Appellee then filed a Petition for Writ of Habeas Corpus.

This was also filed in the Circuit Court of Baltimore City. The petition is peripherally significant due to its accompanying notarized "Statement of Facts" wherein the appellee attests to being "a resident of Baltimore County . . . ."

Following argument by counsel, apparently heard jointly, the judge said:

"I guess we have two petitions, one for contempt and one for a writ of habeas corpus. I will sign an Order when submitted."

The order he signed was for issuance of a writ of habeas corpus.

An order for stay of execution pending appeal was obtained upon petition precipitously filed by appellants who posted the required bond. Appellee has filed an appeal from that order; however, we note parenthetically that she has neither appeared before this Court nor submitted a brief or briefs to assist us.

## Resolution

We will reverse the grant by the Circuit Court for Baltimore County of the Motion Raising Preliminary Objection to venue. Our reversal of the county court's decision on venue which precipitated the Baltimore County Appeals obviates discussion of the issues raised in No. 578, save in general terms and for factual references.

## No. 493

Md. Code, Art. 16, Sec. 66 (b) which section was in effect at the time the county opinion was rendered, read as follows:

"(b) A bill or petition filed pursuant to subsection (a) of this section relating to the custody, guardianship, maintenance and support of any child or children may be filed in the county or City of Baltimore wherein the father or the putative father or the mother or the child or children reside or are found."

Following the Legislative enactment of the Code Revision Commission's recommendations, that section is now found under the "Subtitle 2-Venue" of the Courts and Judicial Proceedings Art., § 6-202:

"In addition to the venue provided in §§ 6-201 and 6-203 the following actions may be brought in the indicated county:

(5) Action relating to custody, guardianship, maintenance, or support of a child — Where the father, putative father, or mother of the child resides, or where the child resides;"

The county chancellor noticed that the original divorce proceedings between the child's father and mother had taken place in the Circuit Court of Baltimore City and had resulted in the award of custody to the mother (appellee in No. 493). He then dismissed the contention that the venue section quoted *infra* applied, saying:

"This Court is of the opinion that said section establishes venue in an original action for custody, but not in a case where a court of competent jurisdiction has passed a decree with respect to custody subject to further Order of that Court. The language in the case of *Berlin v. Berlin,* 239 Md. 52, at pages 56-57, is pertinent.

'Although we recognized the domicile rule set forth in the Restatement, *Conflict of Laws,* §117, in *Naylor v. Naylor,* 217 Md. 615, 143 A. 2d 604 (1958) and in *Zouck v. Zouck,* 204 Md. 285, 104 A. 2d 573 (1954), we were not concerned in either of those cases, as we are here, with the modification of an award of custody made by a court which by its decree (pursuant to statute) had reserved the right to make further orders. Where we have said that jurisdiction to determine custody depends on the domicile of the child we were concerned

with the power of the court to award custody in the first place.

'The majority of courts in other states have adopted the continuing jurisdiction rule. We shall do likewise. The theory of this rule is that when a custody decree is subject to subsequent modification for any reason (either under the provisions of a statute or the terms of the decree itself), the jurisdiction of the court in the awarding state should remain notwith- standing the removal of the child to another state.'

There should not be two courts dealing with the same subject matter who might pass conflicting Orders. The Circuit Court No. 2 of Baltimore City has continuing jurisdiction over the custody of the child involved and if any change in custody is deemed appropriate, that Court and that Court alone should determine an application for such change. For the reasons stated, this Court is of the opinion that the Motion Raising Preliminary Objection filed on behalf of the natural mother of the child is meritorious and should be granted."

Keeping in mind that venue, and not jurisdiction, is here in question we have no difficulty in holding that the Circuit Court for Baltimore County was a proper custodial arbiter for two reasons, only one of which was made clear in the record.

Although *Berlin* treated the question of jurisdiction, the county chancellor relied upon what he thought to be the reasoning of that case and applied it to the venue question before him. We think he misconstrued *Berlin* by interpreting it to mean that the first court in which jurisdiction [venue] is obtained preempts all other custody proceedings elsewhere. On the contrary, the question dealt with by the Court in *Berlin* was whether the Maryland court which made the original custody award retained jurisdiction to modify it even though the mother, who was awarded

custody, had changed her domicile to New York. That portion of *Berlin* quoted by the chancellor adopting the continuing jurisdiction rule was not intended to preclude jurisdiction properly obtained elsewhere.

Just one year after the Court of Appeals decided *Berlin,* it had occasion to elaborate on it. The Court made it perfectly clear that *Berlin* was not intended to grant *exclusive* jurisdiction to the court deciding a custody case:

> "It is perhaps incumbent upon the Court to distinguish the case at bar from our opinion in *Berlin v. Berlin, supra,* wherein this Court, speaking through Judge Horney, adopted the 'continuing jurisdiction rule.' In that case at the time of the original award of custody of the children to the mother, she was domiciled in Maryland and the children, who were never before the court, were residing in New York. The Maryland court in awarding custody did so subject to the further order of the court. . . . It should be pointed out that *this Court in Berlin made no attempt to rule that the courts of the state of New York did not, or would not, under proper circumstances have jurisdiction to decide custody by virtue of domicile.* Indeed, Professor Stansbury in his article 'Custody and Maintenance Law Across State Lines,' 10 Law & Contemp. Prob., 819, 831-32 (1944), concludes:
>
> > 'A court of any state that has a substantial interest in the welfare of the child or in the preservation of the family unit of which he is a part, has jurisdiction to determine his custody, *and this jurisdiction may exist in two or more states at the same time.*'" [Emphasis added] *Taylor v. Taylor,* 246 Md. 616, 619-620.

The Motion should have been denied and the custody question decided in Baltimore County.

Because the chancellor mistakenly decided that Art. 16, §

66 (b) did not apply, he had no occasion to determine whether the factual prerequisites for venue in Baltimore County had been met. Nevertheless, the record revealed that the child was residing in Baltimore County with the appellants. The affidavit of the mother, which accompanied her later Petition for Writ of Habeas Corpus in No. 578, verifies that she, too, was a county resident. Her notarized Statement of Facts begins:

> "1. That the Petitioner is a resident of Baltimore County, Maryland, and the natural mother of Mary Arlene Monroe, born August 11, 1965, as the result of the Petitioner's marriage to William Wesley Monroe."

Even if we assume, solely for purposes of deciding this issue, that the child's physical custody by appellants was wrongful and thus eliminated the residence of the child as a sufficient basis for application of Art. 16, § 66 (b), *cf.*, *Renwick v. Renwick*, 24 Md. App. 277, we are left with the principle that the child's domicile is the same as the person to whom custody had been awarded, in this case the mother. *Miller v. Miller*, 247 Md. 358, 364. Since appellee's residence was also Baltimore County, the county court had venue under Art. 16, § 66 (b). Viewed from any perspective, Baltimore County was the appropriate place to determine custody.

### No. 578, Habeas Corpus and Child Custody

The custody issue having been properly posed to the Circuit Court for Baltimore County, we need only note that the order awarding temporary custody to appellants and directing appellee to show cause remains viable. Thus the child cannot be considered under any improper restraint. The granting of the Petition for Writ of Habeas Corpus by the Baltimore City Court (Appeal No. 578) was premature at best and unwarranted in any event.

The Court of Appeals in deciding a custody dispute between maternal and paternal grandparents said:

"Grandparents have no 'right' to custody; in these domestic tragedies they unfortunately have only burdens and responsibilities which they assume on account of the parent's misconduct or misfortune. *The proper jurisdiction over such a contest is not at law, by habeas corpus, but in equity under Art. 16, sec. 85.*" [Emphasis added] *Burns v. Bines,* 189 Md. 157, 164.

Before arriving at that conclusion the Court reviewed the history of the uses of habeas corpus especially as related to child custody. While the Court did not forbid its use in proper circumstances, it pointed out that the Legislative sanction once given to its use in custody cases by Md. Code, Art. 42, Sec. 21, was repealed in 1945, leaving conventional equity proceedings as the normal process for the determination of custody questions. "The purpose and effect of the repeal of section 21 of Article 42 was to abolish a duplicate jurisdiction, . . . ." *Burns,* 189 Md. at 163. Because habeas corpus will not lie in an unexceptional custody proceeding, the Circuit Court of Baltimore City erred in granting the petition.

### Stay of Execution, No. 578

Although the need to treat the issues becomes progressively more remote, we will note in conclusion that the judge who granted the stay of execution of the Writ of Habeas Corpus did so properly. Since we reverse the granting of the Writ, the stay of execution has served its limited purpose.

*No. 493*
*Order of the Circuit Court for Baltimore County dated July 16, 1974, reversed.*

*No. 578*
*Order upon Petition for Writ of Habeas Corpus by the Circuit Court No. 2 of Baltimore City dated July 31, 1974, reversed.*

*Costs to be paid by appellee.*