875 A.2d 807

**Gary McMAHON**

v.

**Ada Inez PIAZZE.**

No. 1776, Sept. Term, 2004.

Court of Special Appeals of Maryland.

June 7, 2005.

---

Thomas S. Rand, Jr., Rockville, for appellant.

Morris Topf, Bethesda, for appellee.

Panel SHARER, MEREDITH, LAWRENCE F.
RODOWSKY (retired, specially assigned), JJ.

RODOWSKY, J.

The issue here is whether the Circuit Court for Montgomery County erred in dismissing for failure to state a claim, without leave to amend, appellant's petition to modify a consent child custody order. As explained below, we shall remand in order to give appellant an opportunity to proffer facts in support of obtaining leave to amend.

Appellant, Gary McMahon (McMahon), and appellee, Ada Inez Piazze (Piazze), are the parents of Patrick Piazze–McMahon (Patrick), born August 17, 1991. They executed a Voluntary Separation and Property Settlement Agreement (the Agreement) on April 8, 1999, which provided for joint legal and shared physical custody of their son. One month later Piazze filed a petition for full custody of Patrick, and McMahon counterclaimed for full custody. Further negotiations produced a Consent Custody Order (Consent Order) entered on January 11, 2000. The Consent Order grants the parties joint legal and shared physical custody of Patrick and details the allocation of Patrick's time between the parties. The parties divorced in August 2000. They continued to operate under the terms of the Consent Order until May 28, 2004, when McMahon filed a verified Petition for Modification of that Order (the Petition).

The Petition, *inter alia*, sought changes to a number of provisions in the Consent Order relating to the allocation of physical custody between the parties, but McMahon did not

request sole custody. In support of the relief requested in the Petition, he alleged:

"7. The current situation, including the residents and circumstances of the home life at [Piazze's] residence, and [McMahon's] residence, Patrick's age and maturity, and other things, constitute a material change of circumstances from the circumstances at the time the Consent Order was entered.

"8. It is in the best interest of Patrick that the foregoing adjustments be made to the parties['] Consent Custody Order."

McMahon attached to the Petition a proposed "Revised Consent Custody Order."

Piazze filed a verified Motion to Dismiss the Petition (the Motion), arguing that it had failed to state a cause of action in that no material change in circumstances affecting Patrick's welfare was alleged. The Motion averred that "the changes [McMahon] seeks have nothing to do with Patrick's welfare and everything to do with [McMahon's] drive for added access at [Piazze's] expense and his plan to move Patrick to Virginia with his new wife and ultimately to gain full custody of Patrick." Piazze requested a hearing on the Motion.

McMahon responded to the Motion, elaborating slightly on the alleged "material changes." He explained: "[T]he presence of [Piazze's] mother in her household, which existed when the parties entered the Consent Custody Order, has changed, back and forth, since then. The parties' son has just recently reached an age where after-school care is not necessary[.]" [1]

At the hearing on the Motion, McMahon argued that he need not show a material change in circumstances to obtain "minor" changes in the Custody Order. [2] The court did not

---

1. Under the Consent Order, Patrick's maternal grandmother, Quiroga de Piazze, was to provide after-school daycare for Patrick at Piazze's residence. At the time of the Consent Order, Patrick attended Westbrook Elementary in Bethesda.

2. Whether a court, by determining that requested changes in the terms of a custody order are relatively minor, can avoid requiring a showing

agree and dismissed the Petition, stating that "there is not sufficient material change in circumstances that is even alleged in the [Petition] to bring it to the level of being heard." The order of dismissal did not expressly grant leave to amend. See Maryland Rule 2–322(c).

This appeal followed. McMahon raises the following questions for our review:

"[1] Did Gary McMahon adequately plead a material change in circumstances?

"[2] Did the lower court err in refusing to grant leave to amend the pleadings?"

## I. Legal Standards For Modification of the Order

■ In resolving child custody disputes, courts must respect the fundamental nature of parental rights. As we have recognized,

"[t]he right to rear one's child has been deemed to be 'essential,' *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923), and encompassed within a parent's 'basic civil rights,' *Skinner v. Oklahoma*, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942). Therefore, a court must act with the utmost caution and circumspection in determining to whom a child's custody will be awarded. 'The well-being of the child, both present and future, is usually profoundly affected by the court's resolution of the private dispute over who shall be entrusted with its care.' "

*Wagner v. Wagner*, 109 Md.App. 1, 37, 674 A.2d 1, 18–19, *cert. denied*, 343 Md. 334, 681 A.2d 69 (1996) (some citations omitted). In child custody cases, the circuit court functions as both a protector of the child and as the resolver of a dispute between the parents. *See Ross v. Hoffman*, 280 Md. 172, 174–75, 372 A.2d 582, 585 (1977).

■ When presented with a request for a change of, rather than an original determination of, custody, courts employ a

---

of a "material change in circumstances" seems never to have been addressed by a Maryland appellate court in a reported opinion.

two-step analysis. First, the circuit court must assess whether there has been a "material" change in circumstance. *See Wagner,* 109 Md.App. at 28, 674 A.2d at 14. If a finding is made that there has been such a material change, the court then proceeds to consider the best interests of the child as if the proceeding were one for original custody. *See id.; Braun v. Headley,* 131 Md.App. 588, 610, 750 A.2d 624, 636, *cert. denied,* 359 Md. 669, 755 A.2d 1139 (2000), *cert. denied,* 531 U.S. 1191, 121 S.Ct. 1190, 149 L.Ed.2d 106 (2001).

■ These two analyses, however, often are interrelated. As the Court of Appeals has explained, although there sometimes clearly exists no change in circumstance triggering a reevaluation of the custody arrangement,

> "[i]n the more frequent case, ... there will be some evidence of changes which have occurred since the earlier determination was made. Deciding whether those changes are sufficient to require a change in custody necessarily requires a consideration of the best interest of the child. Thus, the question of 'changed circumstances' may infrequently be a threshold question, but is more often involved in the 'best interest' determination[.]"

*McCready v. McCready,* 323 Md. 476, 482, 593 A.2d 1128, 1131 (1991). A change in circumstances is "material" only when it affects the welfare of the child. *Id.*

■ The issue in the above-cited cases was whether physical custody should be changed from one parent to the other. In the case before us, McMahon does not request that relief. (Piazze would say, "Not yet.") He does request certain modifications to the shared custody schedule, and in those respects the Petition is analogous to a request for a change in visitation. Because, as explained below, the purpose underlying the material change requirement is the same, whether the requested change is in custody or in a visitation schedule, we reject McMahon's contention that a material change in circumstances is not required for a contested "minor" change.

The Court of Appeals has explained that the requirement of a showing of "material change" has its roots in principles of claim and issue preclusion.

"The provisions of the chancellor's decree with respect to the custody and maintenance of [an] infant are ... *res judicata* with respect to these matters and conclusive upon both husband and wife so far as concerned their rights and obligations at the time of the passage of the decree. But the conditions which determine the custody and care of the infant and the amount necessary for its maintenance are not fixed, and may change from time to time, and, so, from considerations of policy and the welfare of the infant, a material alteration in the substantial circumstances will take the particular provisions of the decree with reference to the custody and maintenance of the infant out of the rule of *res judicata* and authorize a change, from time to time, of the decree in these respects."

*Slacum v. Slacum,* 158 Md. 107, 110–11, 148 A. 226, 228 (1930). Similarly, this Court has held that *res judicata* does not apply to bar a successive termination of parental rights case where there has been a change in circumstances affecting the child's welfare since the earlier hearing. *Scott v. Prince George's County Dept. of Social Servs.,* 76 Md.App. 357, 375–80, 545 A.2d 81, 90–92, *cert. denied,* 314 Md. 193, 550 A.2d 381 (1988), *cert. denied,* 492 U.S. 910, 109 S.Ct. 3226, 106 L.Ed.2d 575 (1989).

In *Campbell v. Campbell,* 477 S.W.2d 376 (Tex.App.1972), the court explained:

"Except for the determination of venue, the distinction between a suit for change of custody and one for modification of visitation rights is immaterial and subservient to the real issue of the best interest of the minor. Once a court has exercised its decretal powers to determine custody and visitation matters, the final judgment is res judicata of the best interest of the minor child as to the conditions then existing, and in order to escape the bar of res judicata, there must be a showing of materially changed conditions affecting the best interest of the child."

*Id.* at 378 (citations omitted). In *Campbell,* the court held that the fact that the child was older, and the mother had been

divorced and remarried multiple times, was not sufficient evidence of a material change in circumstances to justify modification of the father's visitation rights. The court found the increased age of the child particularly unpersuasive "because aging is an inexorable progression prevalent in all custodial contests." *Id.*

*Adams v. Heffernan,* 217 Ga. 404, 122 S.E.2d 735 (1961), was a habeas corpus proceeding involving the custody of minor children. The Supreme Court of Georgia held it to be "settled law in this State that the doctrine of res judicata applies in [child custody cases], and that when an award has been made the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting the interest and welfare of the children." *Id.* at 736.

■ The "material change" standard ensures that principles of *res judicata* are not violated by requiring that such a showing must be made *any time* a party to a custody or visitation order wishes to make a contested change, even if it is to an arguably minor term. The requirement is intended to preserve stability for the child and to prevent relitigation of the same issues. *See Domingues v. Johnson,* 323 Md. 486, 498, 593 A.2d 1133, 1139 (1991). We therefore reject McMahon's contention that a different standard applies to petitions for "minor" modifications to the terms of a custody order.

■ ˙ In any event, the test of materiality is whether the change is in the best interest of the child. *McCready,* 323 Md. at 482, 593 A.2d at 1131. Consequently, if a court concludes, on sufficient evidence, that an existing provision concerning custody or visitation is no longer in the best interest of the child and that the requested change is in the child's best interest, the materiality requirement will be satisfied.

## II. Sufficiency of the Petition

We now consider whether the Petition states a claim for relief by way of making any of the requested changes to the Consent Order.

" 'The grant of a motion to dismiss is proper if the complaint does not disclose, on its face, a legally sufficient cause of action.' " *Rossaki v. NUS Corp.*, 116 Md.App. 11, 18, 695 A.2d 203, 207 (1997) (citation omitted).[3] Under Maryland Rule 2–303(b), a pleading "shall contain only such statements of fact as may be necessary to show the pleader's entitlement to relief" and "shall not include argument, unnecessary recitals of law, evidence, or documents[.]" *See Manikhi v. Mass Transit Admin.*, 360 Md. 333, 342–43, 758 A.2d 95, 100 (2000). Further, a complaint must, under Maryland Rule 2–305, "contain a clear statement of the facts necessary to constitute a cause of action[.]"

█ Under these Maryland pleading requirements, the Petition fails to state a claim. The allegations of fact are extremely general. They are no more than a reference to factors present in almost any case. The averment of a material change in circumstances is entirely conclusory. No nexus between the facts and the conclusion can be inferred, other than by speculation. Consequently, granting the Motion was not erroneous.

### III. Leave to Amend

Under Rule 2–322(c), "[i]f the court orders dismissal, an amended complaint may be filed only if the court expressly grants leave to amend." In this case, McMahon's counsel requested leave to amend at the conclusion of the hearing:[4]

---

3. The affidavit by McMahon to the Petition, and the affidavit by Piazze to the Motion, are not made on personal knowledge, but include information and belief. Consequently, we treat the Motion as made under Maryland Rule 2–322(b)(2) and not, per Maryland Rule 2–322(c), as a motion for summary judgment under Rule 2–501.

4. Thus, there is no issue of non-preservation, as was present in *Carder v. Steiner*, 225 Md. 271, 277, 170 A.2d 220, 223 (1961), *overruled on other grounds by James v. Prince George's County*, 288 Md. 315, 418 A.2d 1173 (1980). In that case, the Court of Appeals held that a plaintiff who, after the sustaining of a demurrer, did not ask for leave to amend below and was not able to state at argument on appeal in what respect the declaration could be amended so as to overcome the objections, was not entitled to remand to permit amendment. *See also Noellert v.*

"[McMahon's Counsel]: I would like to have 15 days for a leave to amend, Your Honor.

"The Court: Leave to amend what?

"[McMahon's Counsel]: Leave to amend the petition so that if the allegations are not sufficient—

"The Court: The motion's granted, [Counsel]."

The circuit court's response clearly refers to the Motion and denies leave to amend the Petition.

In *G & H Clearing & Landscaping v. Whitworth,* 66 Md.App. 348, 356 n. 5, 503 A.2d 1379, 1383 n. 5 (1986), Judge Wilner explained for the Court that,

"[a]lthough Md. Rule 2–322 is not entirely clear on the point, it would seem that leave to amend may, and in some instances should, be extended even where a pure motion to dismiss is granted. Under the former demurrer rule (Rule 345), leave to amend was to be liberally granted if the pleading deficiency was correctible, and that is also the practice under F.R.C.P. 12, from which Md. Rule 2–322 was derived. We see no indication that the Court of Appeals intended to change that practice."

■ In applying this rule, however, the Court of Appeals repeatedly has held that "[t]he determination ... to grant leave to amend pleadings is within the sound discretion of the trial judge." *Schmerling v. Injured Workers' Ins. Fund,* 368 Md. 434, 443–44, 795 A.2d 715, 720 (2002); *see also Robertson v. Davis,* 271 Md. 708, 710, 319 A.2d 816, 818 (1974). Therefore, the circuit court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion. *Id.*

■ In the instant matter, the circuit court somewhat abruptly cut off McMahon's attempt to make a statement in support of his request for leave to appeal. His opposition to the Motion indicates that there are some specific facts which he could allege, although the sufficiency of those facts, had

*Noellert,* 169 Md. 559, 563, 182 A. 427, 429 (1936) (decree sustaining demurrer without leave to amend would not be reversed where appellant did not request leave to amend).

they been included in the Petition, would have been for the trial court to evaluate in the first instance. The general rule is that amendment should be allowed liberally. Further tending to point the circuit court's exercise of discretion toward allowing amendment in the instant matter is that the issue is the best interest of a child, an issue that is not ordinarily decided on a point of pleading. For these reasons, we hold that the circuit court abused its discretion when it failed to give McMahon an opportunity to explain why leave to amend should have been granted.

Accordingly, we shall vacate and remand. Any application for leave to amend shall be filed within fifteen days of the receipt of the mandate by the circuit court.[5]

**JUDGMENT VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE EQUALLY DIVIDED BETWEEN THE PARTIES.**

---

5. McMahon would be well advised to utilize the period between the filing of this opinion and the issuance of the mandate to prepare a proposed amended Petition for use as an exhibit to any application for leave to amend.