950 A.2d 848

**Anja SIGURDSSON**

v.

**Thomas W. NODEEN, et ux.**

**No. 2066, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

June 26, 2008.

328

John J. Condliffe of Towson, for appellant.

Richard D. Rosenthal of Baltimore (Michael Malone, Rachel Tansey on the brief), Crofton, for appellee.

Panel: DAVIS, DEBORAH S. EYLER and PAUL A. HACKNER (Specially Assigned), JJ.

DEBORAH S. EYLER, J.

This is an appeal from an order transferring a "complaint for modification of custody" of Wade Hampton Price, IV ("Wade") from the Circuit Court for Calvert County to the Circuit Court for Anne Arundel County. Wade was born in Anne Arundel County on June 1, 2004. Before his birth, his father, Wade Hampton Price, III ("Father"), died in a drowning accident. When Wade was born, his mother, Anja Sigurdsson ("Mother") was addicted to illegal drugs, and indeed tested positive for cocaine while at the hospital.

Wade was in Mother's custody in Anne Arundel County from his birth until December 2004. Beginning then, he was in the custody of Kealy Roderer, one of Wade's Father's sisters (i.e., a paternal aunt). Until May 2005, Roderer lived at various addresses in North Carolina and northern Virginia. From May 2005 forward, she was living in northern Virginia with her sister, Janey P. Nodeen, and Janey's husband, Thomas W. Nodeen. The Nodeens also are Wade's paternal aunt and uncle.

On December 1, 2004, Mother executed a document agreeing to Roderer's having custody of Wade. The document was not submitted to a court for approval. On December 13, 2004, in the Circuit Court for Anne Arundel County, Roderer obtained an emergency *ex parte* custody order for Wade. In the same court, she sought legal and physical custody of Wade, against Mother. Eventually, for reasons not clear from the record, the Nodeens became Wade's custodians and intervened as plaintiffs in the custody case, and Roderer dropped her custody claim.

Mother's mother, Marianne Sigurdsson ("Grandmother"), also intervened in the custody case, as a defendant. Beginning in August 2005, Grandmother was given visitation with Wade. During her visits, she supervised visitation between Mother and Wade.

The custody case was tried in the Circuit Court for Anne Arundel County for five days in June of 2006. Mother was present for the trial. The primary adversaries for custody of

Wade were the Nodeens and Grandmother. Recognizing that she did not have a sufficient track record of sobriety to keep custody of Wade, Mother did not assert her custody rights and stipulated to the need for Wade to be in the custody of a third party. Thus, the real issue before the court was whether Wade should be in the custody of the Nodeens or Grandmother.

On July 11, 2006, the court awarded sole legal and physical custody of Wade to the Nodeens. It established a visitation schedule by which Mother and Grandmother would have Wade every other weekend; two non-consecutive weeks during the summer; and certain holidays. All visitation between Mother and Wade was to be supervised by Grandmother. Mother noted an appeal of the decision, but voluntarily dismissed the appeal before her brief was due.

As mentioned above, from Wade's birth through December 2004, when Roderer filed for custody, Mother was living in Anne Arundel County. In December 2004, she was living in Annapolis. In January 2005 and February 2005, she was living in Edgewater; and from June 2005 until February 2006, she was living in Glen Burnie. The record is unclear as to whether Mother still was living in Anne Arundel County when the case was tried in June 2006.

On June 6, 2007, eleven months after the Circuit Court for Anne Arundel County granted custody to the Nodeens, Mother filed, in the Circuit Court for Calvert County, a "Complaint for Modification of Child Custody Order."[1] The complaint named the Nodeens as defendants and listed Mother's address as 3913 14th Street, Chesapeake Beach, a town in Calvert County. On October 15, 2007, Mother changed her address in the court's file to a Post Office Box in Owings, Maryland, which also is in Calvert County.

---

1. The complaint misspells the word "modification" in its title (as "modificaiton"). Because we refer to the complaint repeatedly, we have corrected the misspelling.

The Nodeens filed a preliminary motion to dismiss or to transfer, for improper venue, asserting that the modification complaint properly, or more conveniently, should be handled in the Circuit Court for Anne Arundel County. They alleged that Wade's primary residence for most of his life had been Anne Arundel County or northern Virginia, never Calvert County; that, although their primary residence is in northern Virginia, they have a second home, which in fact is a yacht, that is harbored in Anne Arundel County, and where they and Wade spend many weekends; that, since Wade's birth, Mother has lived at numerous locations, most of which are in Anne Arundel County; that the Anne Arundel County Child Protective Services Unit and the County Custody Evaluation Unit of the Circuit Court for Anne Arundel County had conducted investigations about Wade at the end of 2004 and in 2005; that Mother has another child with whom she has significant contact who lives with his father, Dana Winter, in Anne Arundel County, and Mr. Winter was a witness at trial in June 2006; and that Mother's father (from whom Grandmother is divorced) lives in Anne Arundel County.

In opposition to the motion to dismiss or transfer, Mother argued that Wade's connections to Anne Arundel County are tenuous; that he was not currently living there, but in northern Virginia; and that only her current residence, in Calvert County, not her prior residences elsewhere, was relevant to the issue of venue. She further argued that Md.Code (1957, 2006 Repl.Vol., 2007 Cum.Supp.), section 6–202(5) of the Courts and Judicial Proceedings Article ("CJ"), controls venue in this case, and the only proper venue under that statute is Calvert County, where she lives. Moreover, under CJ section 6–202(5), Anne Arundel County is not a proper venue, as neither she nor Wade nor the Nodeens live there; and a circuit court is not authorized to transfer a case to a jurisdiction that is an improper venue. Alternatively, Mother argued that, even if there is venue in Anne Arundel County, the balance of convenience weighed in favor of the case remaining in Calvert County.

On September 20, 2007, the court granted the Nodeens' motion and ordered the case transferred to the Circuit Court for Anne Arundel County. Mother filed a notice of appeal from that order. In this Court, Mother is the appellant and the Nodeens are the appellees.

We shall include more facts as pertinent to our discussion.

## DISCUSSION

### (A)

The general venue statute in Maryland, CJ section 6–201, states:

(a) *Civil actions.*—Subject to the provisions of §§ 6–202 and 6–203 of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation....

(b) *Multiple defendants.*—If there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a), all may be sued in a county in which any one of them could be sued, or in the county where the cause of action arose.

CJ section 6–202, entitled **"Additional venue permitted,"** states in relevant part that, in addition to venue as provided in CJ sections 6–201 and 6–203, "the following actions may be brought in the indicated county: ... (5) Action relating to custody, guardianship, maintenance, or support of a child— Where the father, alleged father, or mother of the child resides, or where the child resides." (None of the provisions of CJ section 6–203 apply to the case at bar.)

The venues in CJ sections 6–201 and 6–202 are alternative, in that neither one has a priority over the other. *Wilde v. Swanson,* 314 Md. 80, 92, 548 A.2d 837 (1988). Also, the residency of a child is the same as that of the person to whom custody of the child has been granted. *Struzinski v. Butler,* 24 Md.App. 672, 679, 332 A.2d 713 (1975). Here, Wade's residency is the residency of the Nodeens.

■ The defense of improper venue must be raised by preliminary motion, filed before an answer is filed. Md. Rule 2–322(a). If the defense of improper venue is not so raised, and an answer is filed, the defense is waived. *Id. See also Lampros v. Gelb & Gelb, P.C.*, 153 Md.App. 447, 456–57, 837 A.2d 229 (2003); *Pacific Mortgage and Investment Group, Ltd. v. Horn*, 100 Md.App. 311, 323, 641 A.2d 913 (1994).

Rule 2–327 governs the transfer of a civil action from one circuit court to another for a number of purposes, including improper venue, convenience of the parties and witnesses, and "[a]ctions involving common questions of law and fact." Subsection (b), "**Improper venue**," states that, "[i]f a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought." Thus, a meritorious motion to dismiss for improper venue may be disposed of by the court's granting the motion and dismissing the case or by its issuing an order transferring the action to a court having venue.

The civil *forum non conveniens* doctrine is set forth in subsection (c) of Rule 2–327, "**Convenience of the parties and witnesses**," which states:

On motion o f any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.

■ Finally, subsection (d) allows, in certain circumstances, the transfer of a civil case when "civil actions involving one or more common questions of law or fact are pending in the same judicial circuit." In that situation, "the actions or any claims or issues in the actions may be transferred in accordance with this section for consolidated pretrial proceedings or trial to a circuit court in which (A) the actions to be transferred might have been brought, **and** (B) similar actions are pending." Rule 2–327(d)(1) (emphasis added). Thus, even when venue is proper, a circuit court may transfer the action to another circuit court, for *forum non conveniens* purposes, or to anoth-

er circuit court in the same judicial circuit, when there are actions involving common questions. In either situation, however, the circuit court to which the transfer is made must be a court having proper venue, *i.e.*, a court in which the action being transferred "might have been filed." [2]

## (B)

Mother contends that the Circuit Court for Calvert County erred in transferring her "Complaint for Modification of Child Custody Order" to the Circuit Court for Anne Arundel County because, when she filed the complaint in Calvert County, the Circuit Court for Anne Arundel County was not a court in which the complaint might have been filed. In other words, venue did not exist in Anne Arundel County when the complaint was filed and, therefore, transfer to the Circuit Court for Anne Arundel County was in error. Specifically, Mother maintains that, when she filed her complaint, the Nodeens were residing in northern Virginia, and hence neither they nor Wade were residents of Anne Arundel County or occupied any status that would make venue proper in Anne Arundel County for any of them, under CJ section 6–201(a); and that, under CJ section 6–202(5), Wade's residence was northern Virginia, Wade's Father was dead, and Mother was residing in Calvert County. Thus, not only was venue proper in Calvert County, it was the only county in which venue was proper when the complaint was filed. In the alternative, Mother contends that, if there was venue in Anne Arundel County, the Circuit Court for Calvert County abused its discretion by transferring the case there.

The Nodeens do not respond to Mother's first contention, that transfer to Anne Arundel County was in error because, when her "Complaint for Modification of Child Custody Order" was filed, venue was not proper in that county. They do not argue, generally, that venue was proper in Anne Arundel County when the complaint was filed on June 6, 2007; specifi-

---

**2.** Rule 2–327(d)(1) would not apply here in any event because Anne Arundel County and Calvert County are in different judicial circuits.

cally, they do not argue that the presence of their yacht in a harbor in Anne Arundel County waters gave them, or Wade, residency in Anne Arundel County.[3]

In response to Mother's second contention, respecting *forum non conveniens*, the Nodeens argue that a circuit court has broad discretion in deciding whether to transfer an action to another circuit court, and must do so by applying a balancing test. *Odenton Development Co. v. Lamy*, 320 Md. 33, 40, 575 A.2d 1235 (1990). The balancing test requires the court to " 'weigh in the balance of the convenience of the witnesses and those public interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the interest of justice.' " *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). They maintain that, here, the numerous contacts that Wade has had and continues to have with Anne Arundel County in his short life, the presence of some witnesses in that county, and the involvement of the Circuit Court for Anne Arundel County in this case—in terms of custody investigations having been performed through that court, that court actually having tried the custody case and rendered a decision on it less than a year before, and, even more important, the presiding judge at trial having the most information necessary to decide the "complaint for modification"—all militate in favor of the court's exercise of discretion to transfer the case to the Circuit Court for Anne Arundel County.

The Nodeens make two additional arguments, by way of a motion to dismiss. First, they assert that this appeal should

---

**3.** In their brief, the Nodeens mention that they spend many weekends on their yacht. They present no legal argument, however, as to whether they, as non-residents of the State of Maryland, could be found to "reside in" Anne Arundel County because they keep their boat there. As they do not make any legal argument on the issue, they have waived it for purposes of appeal. *See* Rule 8–504(a)(5) (mandating that each brief contain "argument in support of the party's position"); *Rad Concepts, Inc. v. Wilks Precision Instrument Co., Inc.*, 167 Md.App. 132, 176, 891 A.2d 1148 (2006) (appellate court need not address a party's contention that is unsupported by legal argument).

be dismissed as moot because, during its pendency, Mother has participated actively as a litigant in the case as transferred to the Circuit Court for Anne Arundel County. In particular, as the docket entries for the transferred case show, since Mother filed her notice of appeal on October 10, 2007, she has appeared at two scheduling conferences, propounded discovery, attended a court-ordered mediation session, attended a pendente lite hearing, and on April 28, 2008, attended a pre-trial conference, at which a September 9, 2008 merits hearing was scheduled, all without objection. In the Nodeens' words, "As a result of [Mother's] complete participation in the litigation process, the underlying issue of modification of custody is in the process of being litigated in the Circuit Court for Anne Arundel County and, accordingly, the perceived issue of [Mother] that it was error to transfer the case to the Circuit Court for Anne Arundel County, is moot." Although framed in terms of mootness, the Nodeens also use "waiver" to describe this argument, *i.e.,* that, by participating in the proceedings in the transferee court, Mother waived her right to challenge the transfer decision on appeal.

Second, the Nodeens argue that principles of judicial estoppel apply, as Mother is attempting to forum shop in order to relitigate the issue of custody in another circuit court, with the object of obtaining a custody determination inconsistent with the custody decision made by the Circuit Court for Anne Arundel County just 11 months before she filed her complaint for modification.

In her reply brief, Mother asserts that the Nodeens' mootness argument is contrary to the Court of Appeals holding in *Leung v. Nunes,* 354 Md. 217, 729 A.2d 956 (1999), that, even after a civil tort case was tried to a verdict in a circuit court to which it was transferred, the question whether the transfer was wrongful was not moot, as the plaintiff had suffered prejudice merely by having the case tried by a jury in the transferee jurisdiction and the prejudice was of a sort that could be remedied, by vacating the verdict and directing that the case be transferred to the proper forum court for trial.

Mother also maintains that the doctrine of judicial estoppel is not applicable.

### (C)

We shall first address the Nodeens' motion to dismiss this appeal because, if there is merit in any of their arguments on that score, we need not address the merits. The motion to dismiss is not meritorious, however, as none of the doctrines the Nodeens invoke—mootness, waiver, or judicial estoppel—apply.

A case is moot when a court cannot grant any relief to address the error argued. *Green v. Nassif,* 401 Md. 649, 654, 934 A.2d 22 (2007). This case is not moot. As the Leung case illustrates, relief can be granted by an appellate court when a case has been transferred, erroneously, to another circuit court on venue grounds, even after the case in the transfer court has been tried. In this case, if there is merit to Mother's improper transfer argument, we may vacate the order to transfer and direct that the case be returned to the Circuit Court for Calvert County.

In arguing waiver, based upon Mother's participation in the litigation of her "Complaint for Modification of Child Custody Order" since the matter was transferred to the Circuit Court for Anne Arundel County, the Nodeens rely, by analogy, upon the theory that a party may waive his right to arbitrate under an arbitration agreement by participating in litigation of the issues the arbitration agreement covers. *See Brendsel v. Winchester Constr. Co., Inc.,* 392 Md. 601, 610–11, 898 A.2d 472 (2006); *NSC Contractors, Inc. v. Borders,* 317 Md. 394, 402, 564 A.2d 408 (1989); *Commonwealth Equity Services, Inc. v. Messick,* 152 Md.App. 381, 397, 831 A.2d 1144, *cert. denied,* 378 Md. 614, 837 A.2d 926 (2003). These cases are not analogous. They hold that a party's voluntary participation in litigation in court can effect a waiver o f a right to arbitrate because the two are inconsistent. *NSC Contractors, supra,* 317 Md. at 402, 564 A.2d 408. Waiver is an intentional and voluntary relinquishment of a known right. *Myers v.*

*Kayhoe,* 391 Md. 188, 205, 892 A.2d 520 (2006); *Creveling v. Government Employees Insur. Co.,* 376 Md. 72, 96, 828 A.2d 229 (2003).

Here, Mother has not been participating voluntarily in the case as transferred to the Circuit Court for Anne Arundel County. She filed suit in Calvert County, opposed the Nodeens' motion to dismiss or transfer, and, when the court ordered that the case be transferred, noted an appeal of that ruling. The Nodeens actively pursued discovery in the transferee forum, to which Mother responded, in a circumstance in which she could face sanctions, including dismissal, if she did not. Mother also could have faced sanctions if she had refused to appear before the court for its scheduling and pre-trial conferences. Mother in fact asked the circuit court to postpone its April 28, 2008 pre-trial conference, until July 15, 2008, so as to avoid the risk of a trial date being set in for a time before this appeal would be resolved. (The argument date before this Court had been issued to the parties in the appeal by then, and, under Rule 8–207(a)5, because this is a "child access" appeal, the opinion must be filed within 60 days of oral argument). As it turned out, the court held its pretrial conference as scheduled but set trial for a date after this appeal will be decided.

Also, if Mother did not herself propound discovery in the transferee court, which eventually she did, she could have been precluded from engaging in any discovery, to the detriment of her case, regardless of the proper forum. In addition, as Mother points out in her reply brief, any discovery conducted in the Circuit Court for Anne Arundel County would be transferrable to the Circuit Court for Calvert County, if Mother prevails in this appeal. Mother's participation in discovery and in court scheduled conferences and hearings in the transferee court pending this appeal was (and is) not inconsistent with the argument she is advancing on appeal. Moreover, Mother's appellate challenge to the transfer decision evidences a lack of intention on her part to have her change of custody complaint litigated in Anne Arundel County.

 Finally, the doctrine of judicial estoppel cannot properly be invoked in this case. That doctrine holds that a party is precluded from "taking a position in a subsequent action inconsistent with a position taken by him or her in a previous action." *Dashiell v. Meeks,* 396 Md. 149, 170, 913 A.2d 10, (2006) (quoting *Underwood–Gary v. Mathews,* 366 Md. 660, 667 n. 6, 785 A.2d 708 (2001)). For a party to invoke judicial estoppel, three circumstances must exist:

> (1) one of the parties takes a factual position that is inconsistent with a position it took in previous litigation, (2) the previous inconsistent position was accepted by a court, and (3) the party who is maintaining the inconsistent positions must have intentionally misled the court in order to gain an unfair advantage.

*Dashiell, supra,* 396 Md. at 171, 913 A.2d 10.

In the present case, for the reasons we explained previously in our discussion of mootness and waiver, there is nothing "inconsistent" with Mother's continuing to participate in the proceedings in the Circuit Court for Anne Arundel County even as she appeals in this Court the decision to transfer her case to Anne Arundel County. Mother vigorously opposed the motion to transfer venue and has pursued an appeal of that adverse order in this Court in conformity with the Maryland Rules of Civil Procedure. The Nodeens have not satisfied even the first prong of the doctrine of judicial estoppel.

### (D)

 Maryland law is clear that it is error, and therefore an abuse of discretion, for a circuit court to transfer a case to another circuit court that does not have venue. As the rules make plain, a transfer for improper venue or based on forum *non conveniens* or to consolidate with another related case in the same judicial circuit must be made to a court in which the action being transferred "could have been brought," in the case of improper venue, or "might have been brought," in the case of convenience or consolidation. It is therefore a threshold question whether the Circuit Court for Anne Arundel

County had venue in this case when the "Complaint for Modification of Child Custody Order" was filed in the Circuit Court for Calvert County.

A brief discussion of the differences between venue and jurisdiction is in order, given the procedural history and status of the custody dispute in the case at bar. "Jurisdiction" refers to the fundamental power of a court to decide a dispute, by virtue of the nature of the dispute (subject matter jurisdiction) and the connection between the defendant and the state (personal jurisdiction). *Thacker v. Hale,* 146 Md.App. 203, 224, 806 A.2d 751 (" 'jurisdiction refers to two quite distinct concepts: (i) the *power* of a court to render a valid decree, and (ii) the *propriety* of granting the relief sought.) To ascertain whether a court has power, it is necessary to consult the Constitution of the State and the applicable statutes. These usually concern two aspects: (a) jurisdiction over the person—obtained by proper service of process—and (b) jurisdiction over the subject matter-the cause of action and the relief sought ....' " (quoting *Moore v. McAllister,* 216 Md. 497, 507, 141 A.2d 176 (1958)) (emphasis in original), *cert. denied,* 372 Md. 132, 812 A.2d 288 (2002).

Here, the transferor and transferee circuit courts both have jurisdiction over the issue of custody of Wade. Both courts are general equity courts that have the power to decide custody issues, under Md.Code (1957, 2006 Repl.Vol.), section 1–201(a)(5) of the Family Law Article ("FL").[4] The Circuit Court for Anne Arundel County actually exercised its jurisdiction in this respect when it decided the issue of custody, after a trial on the merits, by order of July 11, 2006. Having done so, it has "continuing jurisdiction," as a court issuing a custody decision retains the power to modify it. *See Berlin v. Berlin,* 239 Md. 52, 57–58, 210 A.2d 380 (1965); *Struzinski, supra,* 24 Md.App. at 678, 332 A.2d 713.

---

4. Neither side has asserted at any time in the proceedings that Virginia should, does, or may have jurisdiction.

 Venue does not concern the power of a court to decide an issue. It concerns the place, among courts having jurisdiction, that an action will be litigated. *In re Lynn M.*, 312 Md. 461, 470, 540 A.2d 799 (1988).

 As CJ sections 6–201 and 6–202 make clear by their plain language, the proper venue for an action is to be determined as of the time the action is filed. In December 2004, when Roderer (later replaced by the Nodeens) filed suit for custody of Wade, Mother, the original defendant, was living in Anne Arundel County. Therefore, under either CJ section 6–201 or 6–202, the Circuit Court for Anne Arundel County was a proper venue for the custody case. Indeed, Anne Arundel County was the only proper venue at that time. Mother was the only defendant, as Father had died, and she lived in Anne Arundel County. Roderer and the Nodeens lived out of state. Apparently, Grandmother was living in Calvert County at that time, but her residence was not a factor because grandparent status is not covered by CJ section 6–202 and Grandmother was not a defendant in the action, so as to be covered by CJ section 6–201. Rather, Grandmother intervened in the action, which Roderer and the Nodeens already had filed, and was pending in Anne Arundel County. *See Leung, supra,* 354 Md. at 224–25, 729 A.2d 956 (plaintiff has broad discretion to choose forum and transfer should only be granted when the balance weighs strongly in favor of the moving party).

When Mother filed her modification complaint in June 2007, the residential status of the parties had changed. Mother no longer was living in Anne Arundel County. Rather, she was residing in Calvert County. Wade was in the custody of the Nodeens, by court order, and therefore was residing in northern Virginia. *See Struzinski v. Butler, supra,* 24 Md.App. at 679, 332 A.2d 713 (residency of the child is the same as that of the child's custodian). Thus, none of the parties were residing in Anne Arundel County when Mother filed her complaint; and there is nothing in the record or the arguments made to suggest that any other basis for venue in Anne Arundel

County existed under CJ section 6–201. If the filing of the modification complaint marked the bringing of an "action," within the meaning of CJ sections 6–201 and 6–202, then, even though the Circuit Court for Anne Arundel County had continuing jurisdiction over its custody order of July 11, 2006, it did not have venue.

An "action" is defined in Rule 1–202(a) to "mean[ ] collectively all the steps by which a party seeks to enforce any right in a court or all the steps of a criminal proceeding." A civil action is commenced "by filing a complaint with a court." Md. Rule 2–101(a). In a civil action, a motion is "[a]n application to the court for an order" that, "unless made during a hearing or trial, shall be made in writing, and shall set forth the relief or order sought." Md. Rule 2–311(a).

A custody case is a civil action. Because a court that has issued a final custody order has continuing jurisdiction, a party to the action may request, by motion, that the court modify its order. The burden is then on the moving party to show that there has been a material change in circumstances since the entry of the final custody order and that it is now in the best interest of the child for custody to be changed. *See McCready v. McCready,* 323 Md. 476, 481, 593 A.2d 1128 (1991); *McMahon v. Piazze,* 162 Md.App. 588, 593–94, 875 A.2d 807 (2005). Without question, Mother, as a party to the custody case in the Circuit Court for Anne Arundel County, could have filed a motion in that court seeking modification of the June 11, 2006 custody order in favor of the Nodeens; and that court would have had jurisdiction to decide the material change in circumstances and best interest issues. Mother chose, however, to file in the Circuit Court for Calvert County a "Complaint for Modification of Child Custody Order" of the Circuit Court for Anne Arundel County. Upon consideration of the relevant case law, we conclude that either vehicle—a motion filed in the Circuit Court for Anne Arundel County or a complaint filed to modify custody, thus commencing an action in another circuit court—was available to Mother.

In *Struzinski v. Butler, supra,* 24 Md.App. 672, 332 A.2d 713 a child's maternal grandparents brought a custody action, in the Circuit Court for Baltimore County, where they and the child were living together. The whereabouts of the child's parents, named as defendants, were unknown. The mother had been awarded custody of the child, by the Circuit Court for Baltimore City, when she and the child's father divorced.

After the Circuit Court for Baltimore County issued a show cause order, the mother surfaced. By then, she too was living in Baltimore County. Asserting that the Baltimore City Circuit Court had continuing jurisdiction over the case in which she was awarded custody, she filed a motion to dismiss the action in the Baltimore County Circuit Court, on the ground of improper venue. The court granted the motion and dismissed the custody case.

On appeal, this Court reversed. Noting that "venue, and not jurisdiction, is here in question," we held that, even though a court that issued an original custody award retains jurisdiction to modify it, that court does not "preempt[ ] all other custody proceedings elsewhere." *Id.* The fact that the child was living in Baltimore County was sufficient to establish venue there. And, even if the child's place of residence were considered not to count, as the grandparents did not have lawful custody of him, the mother was residing in Baltimore County. Therefore, "[v]iewed from any perspective, Baltimore County was the appropriate place to determine custody." *Id.* at 679, 332 A.2d 713.

It is implicit in our holding in *Struzinski* that, once a final custody order has been issued by a court, an application to modify custody may be made in that same court, by motion, or in another court having jurisdiction and venue, by bringing a new custody action. In either situation, the decision whether to modify is governed by the material change in circumstances and best interest standards. Thus, in the case at bar, the fact that the Circuit Court for Anne Arundel County already had exercised jurisdiction over the issue of custody of Wade, and that it had continuing jurisdiction over

its custody order for Wade, did not preclude Mother from filing a new action, in another circuit court, to modify custody.

That is what Mother did, by means of filing her "Complaint for Modification of Child Custody Order" in the Circuit Court for Calvert County. Venue was proper in that court and, just as in *Struzinski*, venue no longer was proper in the original court that had issued the custody order now sought to be modified. It was legal error, therefore, for the court to transfer the case to the Circuit Court for Anne Arundel County, either on the basis of improper venue, or *forum inconveniens*. Although the Nodeens are correct that a circuit court has broad discretion in deciding whether to transfer a case to another circuit court, on venue grounds, that discretion must be exercised in accordance with established legal principles. *Walker v. Grow*, 170 Md.App. 255, 266, 907 A.2d 255, *cert. denied*, 396 Md. 13, 912 A.2d 649 (2006); *Tucker v. Tucker*, 156 Md.App. 484, 492, 847 A.2d 486 (2004). In this case, it was not. Therefore, we shall vacate the order of the Circuit Court for Calvert County transferring Mother's action to modify custody to the Circuit Court for Anne Arundel County.

**ORDER VACATED. COSTS TO BE PAID BY THE APPELLEES.**